42   215
109   687

## DUFFY v. DALE.

1. **Practice**: COMMENCEMENT OF ACTION BEFORE JUSTICE. An action in a justice's court may be commenced simply by the service of a notice upon the defendant, save where a writ of replevin is asked for, in which case a petition duly verified must be filed. In all other cases, the filing of the petition forms no part of the commencement of the action and need be done only upon the day of trial.

### Appeal from Howard Circuit Court.

### THURSDAY, DECEMBER 16.

THIS is an appeal from the decision of the Circuit Court upon a writ of error to a justice of the peace in the county of Howard. The Circuit Court affirmed the judgment of the justice, and defendant appeals. The record contains the proper certificate of the court below. The facts of the case are stated in the opinion.

*H. T. Reed*, for appellant.

*H. C. McCartey*, for appellee.

MILLER, CH. J.—On the 24th day of June, 1874, an original notice signed by the justice was issued, returnable on the 30th day of the same month, at 9 o'clock, A. M. The notice stated the plaintiff's cause of action, in general terms, to be the right to the possession of a "Howe Sewing Machine," of the value

of $80, and $20 damages for the wrongful detention thereof, and that unless he appeared at the time and place therein stated and made defense against the claim, judgment would be rendered for the property, or its value, and for damages and costs.

On the return day of the notice plaintiff filed a petition, containing all the necessary averments for a good petition in *detinue*, and was duly sworn to. No writ was asked for or bond filed. Upon the filing of the petition defendant, by his attorney, filed a motion to dismiss the action "for the reason that said action is brought against defendant to recover possession of specific personal property, and no petition was filed with the justice before or at the time said action was commenced, and none filed until said cause was called for trial." This motion was overruled and judgment rendered for plaintiff. The overruling of the motion is made the ground for the writ of error from the Circuit Court, and the only error assigned is the ruling of that court affirming the judgment of the justice.

The only question for determination is, whether, in the commencement of an action before a justice of the peace to recover specific personal property, it is necessary that a petition should be then filed. Section 3516 of the Code provides that "all the proceedings prescribed for the Circuit Court, so far as the same are applicable and not herein changed, shall be pursued in justices' courts." Section 3517 provides that "actions in justices' courts are commenced by voluntary appearance *or by notice*"; and section 3518 provides that, "when by notice, no petition need be filed, except where the petition must be sworn to, but the notice must state the cause of action in general terms." * * In actions to recover specific personal property the petition must be sworn to. (See section 3225 of the Code.)

From the provisions of the statute above quoted it is clear that any action within the jurisdiction of a justice of the peace may be commenced in his court either by voluntary appearance or by notice. In this case the action was commenced by notice, which was duly served, and to which the defendant

Duffy v. Dale.

responded by making an appearance on the return day of the notice. The action, therefore, was properly commenced in one of the methods prescribed by law.

This being an action to recover specific personal property a petition, duly verified, was necessary to be filed. When should it be filed? The statute is silent on this point as respects justices' courts. In the District and Circuit Courts the notice may be issued and served prior to the filing of the petition, but must name the time when it will be filed, and "if the petition is not filed by the date thus fixed, and ten days before the term, the action will be deemed discontinued." (Code, sections 2599, 2600.) These provisions, however, do not seem to be applicable to justices' courts, and it is only where the proceedings prescribed for the Circuit Court are applicable and not changed in the chapter relating to justices of the peace and their courts, that they are to be pursued in the latter. In the Circuit Court the petition must be filed at least ten days before the term at which the notice is returnable. In the justices' court the service of the notice may be five days previous to the trial, so that if it were held to be necessary to file the petition, where one was required ten days before the return day of the notice, the filing of the petition would be necessary previous to the service or even the issuance of the notice.

Of course, where the plaintiff in an action in a justice's court asks for a writ of replevin, a petition duly verified must be filed prior to the issuance of the writ, for such writ can only be issued upon a proper petition praying therefor, and the filing of a bond for the use of the defendant; but where no writ is asked, there is no law or reason requiring the petition to be filed at the time of the issuance of the original notice. The petition is necessary to authorize the issuance of the writ, but the justice acquires jurisdiction to entertain the action by the service of the notice when no writ is asked, and if the petition be filed on the return day of the notice and before the commencement of the trial, it is in time and complies with the requirements of the law. The filing of the petition is no necessary part of the commencement of the action. That was

accomplished in this case by the service of the original notice. The case being properly commenced, the motion to dismiss was properly overruled and the judgment will stand.

AFFIRMED.