Easton v. Fleming.

## EASTON v. FLEMING ET AL.

1. **Jurisdiction**: DISTRICT COURT: FORCIBLE ENTRY AND DETAINER. Justices of the peace have exclusive original jurisdiction in forcible entry and detainer, and an action therefor cannot by consent be transferred to the District Court for trial.

*Appeal from Winneshiek District Court.*

MONDAY, JUNE 9.

THIS action was brought before a justice of the peace for forcible entry and detention of real property, under sections 3611 and following, of the Code. Upon the return day the parties appeared and stipulated that the cause should be transferred to the District Court of Winneshiek county for trial. The justice of the peace, pursuant to this stipulation, returned the original papers in the cause to the District Court. Subsequently the defendants moved to dismiss the action on the ground that the court had no jurisdiction. This motion was sustained, and judgment was rendered for defendant for costs.

The plaintiff appeals.

*M. P. Hathaway*, for appellant.

*Brown & Wellington*, for appellees.

DAY, J.—In *Dicks v. Hatch*, 10 Iowa, 380, it was held that under the corresponding provisions of the Code of 1851, § 2362 and the following sections, a justice of the peace alone has original jurisdiction in the summary proceeding for forcible entry and detention, and that the District Court can obtain jurisdiction in no other way than by appeal. Under the provisions of the Code of 1873 the District Court cannot obtain jurisdiction by appeal, since appeals from justices must be taken to the Circuit Court. Code, §§ 162 and 3624. No act of the parties can

1. JURISDICTION: district court: forcible entry and detainer.

give jurisdiction, when the law does not confer it. *Dicks v. Hutch, supra.* The court did not err in sustaining the motion to dismiss the case.

AFFIRMED.