JOHNSON v. THE C., R. I. & P. R. Co.

1. **Railroads:** INJURY TO STOCK: NEGLIGENCE. Where the plaintiff's horses were injured on the defendant's railroad, having entered on the track in the night through a gateway in defendant's fence, which was closed the evening previous, it was held that the fact that the gate was defectively constructed and out of repair would not raise a presumption that the injury occurred by reason of such defects, so as to cast upon the defendants the burden of disproving such fact, to defeat a recovery.

*Appeal from Appanoose Circuit Court.*

THURSDAY, APRIL 21.

ACTION to recover for two horses alleged to have been killed by defendant by reason of a want of a fence. There was a trial by jury and verdict and judgment were rendered for the plaintiff. The defendant appeals.

*Trimble, Carruthers & Trimble* and *Vermillion & Vermillion,* for appellant.

*M. H. Jones,* for appellee.

ADAMS CH., J.—The horses were run over at night upon the defendant's track by one of the defendant's trains. The jury found specially that the horses entered upon the track from the plaintiff's enclosure through a gate. How the gate happened to be open does not clearly appear. The jury found specially that the gate was closed about sundown on the night on which the horses were killed, but they found that it was out of repair and defectively constructed. The court gave two instructions which are in the following words:

1. RAILROADS: injury to stock: negligence.

"25. If you find that the gate was out of repair, or that it was negligently constructed, and yet that the gate was properly closed and reasonably safely and securely fastened between five and six o'clock on the evening before the accident, and find that it was left open by some third person without defendant's knowledge, who opened it, and not because of its defective construction or being out of repair, and find that by reason thereof the horses escaped upon the track, then the defendant would not be liable on this branch of the case.

"26. But in such case the burden would be upon the defendant to show that the gate was opened by some third person and left open by some third person, and left open by reason of no neglect on their part to repair it or provide it proper fastenings."

The giving of the last instruction is assigned as error.

The question to be determined was as to whether the gate was open at the time the horses passed through it by reason of the defendant's fault. If it was open by reason of its defective construction, or being out of repair, and the defendant knew, or should have discovered, that it was out of repair,

then it was open by reason of the defendant's fault, but if it was opened and left open at night by some third person without the defendant's knowledge, then it was not open by reason of the defendant's fault. The burden of proof was upon the plaintiff to show that it was open by reason of defendant's fault. The legal question presented is as to whether it is to be presumed that the gate was open by reason of the defendant's fault if it was defectively constructed or out of repair, it being shown to be securely fastened a short time before the horses passed through it. The court below held, as we understand the instructions, that such presumption would exist, and that the plaintiff by showing that the gate was defectively constructed or out of repair made a *prima facie* case, and cast upon the defendant the burden of showing that notwithstanding the defective construction or want of repair the gate was not open for that reason.

In our opinion there was nothing in the evidence to shift the burden of proof. The fact that the gate was defectively constructed or out of repair would be a circumstance tending to show that the gate was open through the defendant's fault, but that is the most that can be said. The circumstance might be entitled to very much or very little weight, according to the extent and character of the defect or want of repair, and other proven facts in connection therewith, but the burden of proof, we think, remained upon the plaintiff. Of course if there was any affirmative evidence that the gate was opened and left open by a third person it would be expected that such evidence would come from the defendant. But in the absence of all affirmative evidence it would still be competent for the defendant to insist that the gate was opened and left open by a third person, as the most rational explanation of its being open, in view of all the proven facts of the case.

In the instruction as to the burden of proof, we think that the court erred.

REVERSED.