Waller Bros. v. Waller.

3. ——:——:
defective
title.

AFFIRMED.

WALLER BROTHERS v. WALLER *et al.*

76  513
88  704
76  513
106  207
76  513
113  345

1.  **Appeal**: ABSTRACT : SHOWING OF JUDGMENT.  Where the abstract states that there was a verdict for plaintiffs for one hundred and twenty-five dollars, and judgment on the verdict, this is sufficient to show that the judgment was rendered, without setting out the record of the judgment, and that it was for one hundred and twenty-five dollars.

2.  ———— : ———— : BILL OF EXCEPTIONS.  Where the abstract states: " By consent the defendants have to the twentieth day of November, 1887, to file a bill of exceptions, which was filed November 10, 1887," this court will understand that it was a perfected and settled bill, and that it was filed within the time.

3.  ——— : ——— : SHOWING OF APPEAL. Where the abstract, after stating the proceedings of the cause in their regular order, proceeds to say : " On the ninth day of November the defendants perfected an appeal to the supreme court of the state of Iowa," it will be understood that the appeal was from the judgment recited in the former part of the abstract.

4.  **Practice:** BILL OF EXCEPTIONS : SHORT-HAND NOTES. A bill of exceptions need not embody or have attached the short-hand reporter's notes of the evidence. It is sufficient to embody them by reference.

5.  **Appeal :** IMMATERIAL EVIDENCE NOT PRESERVED. The fact that certain evidence immaterial to the appeal has not been properly preserved, will not invalidate the record as to other and material evidence which is properly preserved.

6.  ——— : ASSIGNMENT OF ERROR : EXACTNESS. Where one of the grounds of a motion for a new trial was that " the verdict over and above the actual damage of forty dollars, is not supported by the evidence," an assignment of error that the court erred in overruling the motion, on the ground that the verdict was excessive over and above the sum of forty dollars, was sufficiently specific.

7.  **Damages :** EXEMPLARY : CONVERSION OF ANOTHER'S STEER. The parties hereto had cattle for shipment in adjoining apartments of a stock-yard, but they became mingled, and defendants shipped and sold one of plaintiffs' steers. There was no evidence (see opinion for facts) that it was done wilfully. *Held* that a verdict for exemplary damages, and judgment thereon, were erroneous, as plaintiff was entitled only to recover the value of the steer.

*Appeal from Floyd District Court.*—HON. J. B. CLELAND, Judge.

FILED, JANUARY 17, 1889.

THE defendants in this case are J. N. Waller, Robert Lindon, Hubert Milner and Leroy Waller. On the thirtieth of March, 1887, the plaintiffs and the defendants were separately engaged in buying cattle for shipment at Charles City, Iowa ; and on the night of the thirtieth of March the plaintiffs had twenty-nine head, and the defendants two hundred and five head in adjoining apartments of the stock-yards of the Chicago, Milwaukee & St. Paul Railway Company. On the morning of the thirty-first the gate between the apartments was found open, and the cattle of the plaintiffs were mingled with those of the defendants. In making

the separation, but twenty-eight head were returned to the plaintiffs' yard; and on the same day (the thirty-first) the defendants sold their cattle to Hovrine & Vincent, of Peoria, Ill., and shipped them. Plaintiffs aver that in making the shipment the defendants purposely and maliciously included one steer belonging to them, and this action is to recover its value, with exemplary damages. The defendants make a denial. There was a trial to a jury, and verdict and judgment for plaintiffs for one hundred and twenty-five dollars, and the defendants appeal.

*J. S. Root*, for appellants.

*Ellis & Ellis*, for appellees.

GRANGER, J.—I. It is insisted that the record does not show any judgment in the case from which an appeal could be taken. A reference to the abstract shows that on the twentieth of March a verdict was returned for plaintiffs

1. APPEAL: abstract: showing of judgment.

for one hundred and twenty-five dollars, and that on the same day a motion for a new trial was filed, and then follows: "Motion for a new trial overruled; defendants except. Judgment on the verdict; defendants except." As no question is made as to the form or sufficiency of that judgment as a record, it is unnecessary to set it out in the abstract, or do more than show that such a record exists; and this we understand to be a legal inference from the statement as quoted. We do not understand that such is the record, but an epitomized statement of the record.

II. It is urged that the record does not show a judgment for more than forty dollars, and that appellants admit there should a judgment for that amount. It is true that in argument there is such an admission, but the record, as above quoted, shows a verdict for one hundred and twenty-five dollars, and a judgment thereon, which we understand to mean a judgment for one hundred and twenty-five dollars, and we find nothing in the record to contradict it.

III. It is urged that the record does not show that any bill of exceptions was ever settled or signed by the court, but the following does appear: "By consent the defendants have to the twentieth of November, 1887, to file a bill of exceptions, which was filed November 10, 1887." In legal contemplation, it would hardly be a bill of exceptions until signed. We think that a statement that a bill of exceptions was filed means that it was a perfected and settled bill.

*2. —:—: bill of exceptions.*

IV. It is further claimed that the record does not show that a bill of exceptions was ever filed, and counsel quotes from the abstract as follows: "Which was filed November 10, 1887,"—and insists that it is insufficient to show the filing of a bill of exceptions. Take such language alone, and it is insufficient, but take the entire sentence, and see: "By consent the defendants have to the twentieth of November, 1887, to file a bill of exceptions, which was filed November 10, 1887." We have no difficulty in understanding from such language that a bill of exceptions was filed within the time.

V. Another objection to the record is that it does not show that an appeal was ever taken from any judgment in the case. It is true the record does not state that the appeal was taken from a judgment, but following in the regular order of events in the cause, and after reciting the fact of filing a bill of exceptions, it states as follows: "On the ninth day of November the defendants perfected an appeal to the supreme court of the state of Iowa." We think it may be left to legal inference that the appeal was from the judgment.

*3. —:—: showing of appeal.*

VI. The appellees file a motion to strike the testimony from the abstract, based mainly on the grounds stated in the foregoing objections, and that it was not properly preserved. There is a certificate of the clerk of the district court to the effect that at the time of filing of the bill of exceptions there were no minutes of the short-hand

*4. PRACTICE: bill of exceptions: short-hand notes.*

reporter's notes attached thereto, or any other of the testimony taken in the case. As to the short-hand notes, it was not necessary to attach them. It was but necessary to refer to them in the bill of exceptions, which was done. The abstract shows that the tran-script of the notes was certified to by the reporter, and became a part of the bill of exceptions. This is correct. Whatever might be the rule as to the documentary proof,

5. APPEAL: immaterial evidence not preserved. consisting of letters written to and from Peoria, with the present *status* of the case, wherein it is conceded that the steer was taken, leaving but the question of malice or good faith, such evidence becomes immaterial, and cannot be used to impeach the record.

VII. With our view of the case, it is only necessary to consider one of the assignments of error by the

6. ——: assignment of error: exactness. appellants. The sixth assignment is that the court erred in overruling the motion for a new trial, on the ground that the verdict was excessive, over and above the sum of forty dollars. It is urged that the assignment is not sufficiently specific to entitle it to consideration. A high degree of precision in this respect is not required by the court, but it will insist on a reasonable one. The abstract sets out the motion for a new trial, and shows that the court was asked to grant one, for the reason that "the verdict, over and above the actual damage of forty dollars, is not supported by the evidence." With this assignment we have no difficulty in understanding the precise error complained of.

VIII. Having reached the merits of the controversy, we may to advantage state a few of the admitted and

7. DAMAGES: exemplary: conversion of another's steer. clearly established facts in the case. On the morning of the thirty-first of March all of the defendants and one Vincent—one of the purchasers of the defendant's cattle— went to the yards where the cattle were, for the purpose of loading them into the cars for shipment. On reaching there, they found the gate between the yards open, and plaintiffs' cattle mingled with theirs. They

at once sent for one Dick Waller (not a party to the suit) who came and assisted in separating the cattle. Some twenty-six were separated, and placed in plaintiffs' pen, and then Dick Waller selected two more as belonging to the plaintiffs, and they were placed there. These were all strange cattle to the defendants, being of recent purchase. After this separation the defendants proceeded to load theirs into the cars. Vincent and Leroy Waller counted, and Lindon turned them out of the yard. As to one draft there was some argument, Vincent making one more than Leroy. The actual number of defendants' cattle was two hundred and five; that of the plaintiffs' twenty-nine. The number actually shipped by defendants was two hundred and six ; the extra one being the steer of plaintiffs. In this court the defendants concede that they shipped and sold the steer belonging to the plaintiffs, and their right to judgment for its value, but insist that there is no evidence to sustain a judgment for exemplary damages. In this we think the defendants are right. We search in vain for testimony showing a wilful purpose. The strongest criticism made by appellees upon the conduct of defendants is that they sent, when they found the cattle mixed, for Dick Waller, and not for the plaintiffs. It does appear from the testimony that Dick Waller was more or less in the employ of the plaintiffs, and about the cattle in their yards, and it is true that when called he aided in the separation, and selected some of the cattle turned back. With cattle of such recent purchase it is doubtful if any man could have identified them better. The idea of sending for him, and turning back such as he suggested, is entirely inconsistent with a purpose to ship the cattle of the plaintiffs. There is proof that Leroy Waller, in conversation after the shipment, said : " If we did get the steer, it makes no difference, for the cattle have to weigh nine hundred pounds," and this is urged as a motive for a wrongful taking. The weight of the steer in question is nowhere disclosed by the record, and it is as reasonable to presume that it would have reduced as increased the average weight. It is in

evidence that Nelson Waller, when charged with having · the steer, said, among other things: "You can't prove it." Considering the surroundings at the time of the taking, it has no force as showing a wilful act. These are among the strongest features of the testimony relied upon by the appellees to show malice or bad faith, and we do not hesitate to say that the verdict of the jury, in so far as it imposed punitive damages, is without foundation in the testimony. The undisputed evidence in the record shows the value of the steer to be about forty-five dollars, and that amount, upon the defendants' admissions, the plaintiffs should recover. If the plaintiffs shall within thirty days file in this court a *remittitur* of the damage in excess of forty-five dollars, the judgment will be affirmed; otherwise it will stand reversed; plaintiffs, in any event, to pay the costs of this appeal.