## MACK v. LEEDLE.

1. **Promissory Note**: PAYMENT: EVIDENCE: INSTRUCTIONS: VER-
   DICT. The issue was whether or not the note in suit had been
   paid. The plaintiff having from time to time held other notes
   against defendant, and the defendant having made different
   payments to plaintiff, *held* that testimony as to these various
   transactions was properly admitted, and that, the evidence being
   conflicting, the court rightly refused to direct a verdict for plain-
   tiff, and a verdict for defendant could not be disturbed on appeal
   for want of evidence to support it.

2. **Practice**: SPECIAL INTERROGATORY: OBJECTION TOO LATE. An
   objection to a verdict, based on the ground that the jury failed to
   answer a special interrogatory submitted, cannot be made for the
   first time on appeal.

*Appeal from Mitchell District Court.*—HON. J. B.
CLELAND, Judge.

FILED, JUNE 6, 1889.

ACTION upon a promissory note dated November
12, 1883, due thirty days after date, for three hundred
and twenty-five dollars, with interest. Defendant
answered, admitting the execution of the note, and but
for the matters pleaded he would be indebted to the
plaintiff in the amount thereof. He alleges that on
November 3, 1882, he paid the plaintiff three hundred
and seventy-five dollars, to be credited on his indebted-
ness to the plaintiff, but the plaintiff failed to give him
credit. The defendant afterwards amended his answer,
alleging full payment of said note about the month of
June, 1884, and alleging that the note in suit was given
for borrowed money; that no settlement or mention was
made of previous transactions at the time; that he did
not know that the plaintiff had not credited said three
hundred and seventy-five dollars upon the prior indebt-
edness; that about June, 1884, he paid plaintiff four
hundred dollars, which was sufficient to pay the entire
amount then due, including the note in suit; that

Mack v. Leedle.

plaintiff, by mistake or fraud, withheld from defendant said note sued upon, and by mistake the defendant failed to take up the same. The plaintiff in reply admits that he received three hundred and seventy-five dollars from the defendant in November, 1882, and says that the same was applied on other notes of indebtedness of the defendant to him; that the defendant was indebted to him at the time in the sum of one thousand dollars or upwards; denies that he received the three hundred and seventy-five dollars, or any other sum for which the defendant did not have credit; that November 3, 1883, the defendant was largely indebted to him upon notes; that at said time they had a settlement, whereby it was agreed that the existing indebtedness should be paid and canceled, and that said indebtedness amounted to about four hundred dollars; and that thereupon the defendant paid him four hundred dollars, and all notes then held by the plaintiff were surrendered to the defendant. The case was submitted to the jury, and on the trial the defendant asked the following special finding: "Do you find that the defendant paid to plaintiff about the sum of four hundred dollars, about the month of June, 1884, and after making of the note sued on in this action?" The jury returned a verdict for the defendant, but omitted to answer the special finding. Judgment was entered on the verdict against the plaintiff for costs, and plaintiff appeals.

*G. E. Marsh*, for appellant.

*Pickering & Hartley* and *Sweeney & Clyde*, for appellee.

GIVEN, C. J.—I. The issue between these parties is whether the note in suit has been paid. The plaintiff

1. PROMISSORY note: payment: evidence: instructions: verdict.

having from time to time held other notes against the defendant, and the defendant having made different payments to the plaintiff, testimony as to these various transactions was properly admitted, for the purpose of determining this single issue of payment. Under the

testimony, the court did not err in overruling plaintiff's motion to take the case from the jury, and for judgment, nor in refusing to instruct the jury to find for the plaintiff.

II.　The instructions present the issue plainly and direct the jury properly as to the law of the case.　There was no error in the giving of instructions.

III.　The plea of payment was supported by such evidence as that, in the absence of a showing of prejudice or passion, this court cannot be justified in disturbing the verdict; and, there being nothing to show prejudice or passion, we think the verdict is in accordance with the law of the case, as properly given in the instructions, and supported by the evidence.

IV.　It does not appear that the plaintiff insisted upon the special interrogatory being answered at the time the jury returned their verdict.　He 2. PRACTICE: special interrogatory: objection too late. will not, therefore, be heard to urge in this court, for the first time, the objection that it was not answered.　The judgment of the district court is　　　　　AFFIRMED.