ROLLIN CALKINS, Appellant, v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.

**Pleading and Proof.** A verdict is properly directed for defendant where an allegation that engine brakes were negligently released while plaintiff was making a coupling, is supported solely by testimony that plaintiff can not tell whether the brakes were released or applied, between the time he took hold of the link and the happening of the accident.

**Practice.** Where the question whether plaintiff would have pulled the pin and put it in the engine is answered: "No, for there was no link in the engine," it is proper to strike all but, "No" out as nonresponsive. It was, at any rate, harmless because the explanation so made was elsewhere given.

**SAME, ON APPEAL.** An assignment which groups several points and therefore, compels resort to the argument to ascertain what error is relied on, is too indefinite.

*Appeal from Linn District Court.*—HON. J. H. PRESTON, Judge.

SATURDAY, DECEMBER 15, 1894.

ACTION for damages for a personal injury. Verdict and judgment for defendant. Plaintiff appeals.—*Affirmed.*

*Thompson & Stuart* for appellant.

*Mills & Keeler* for appellee.

KINNE, J.—I.  The petition charges that while plain-
tiff entered between the tender of the locomotive and
a freight car to couple them together, and while he was
in the act of making said coupling, and without any
negligence on his part, "the engineer in charge of said
engine, carelessly, and recklessly, and without any
warning to plaintiff, suffered the brakes of said engine
to become suddenly detached from the wheels, and in
consequence thereof said engine and tender were per-
mitted to back down with great force and violence, by
reason of which plaintiff was caught by the right
hand between the draught irons of said tender and car,
and three of his fingers on said hand mashed" so that
they had to be, and were, amputated.  Defendant
admitted that plaintiff was in its employ as a brake-
man, as claimed, and that he received certain injuries
to his right hand, and denied all other allegations of
the petition.  At the close of the evidence, and on
motion of defendant, the court directed the jury to find
a verdict for the defendant, which was done, and a
judgment was entered thereon.

II.  It appears that on the night of April 22,
1892, plaintiff was the head brakeman upon a freight
train on defendant's road which was going north from
Ottumwa.  The train stalled while going up a steep
grade called "Haysville Hill," just south of the station
of that name.  When the train stopped, plaintiff went
back, cut off eight cars, and the engine pulled them
into Haysville.  After setting these cars out, the con-
ductor remained at the switch, while plaintiff went
back, with the engine, to get the remainder of the
train.  In backing down, steam was shut off when the
engine got upon the grade, and it moved by its own
momentum, checked occasionally by the air brakes,
and came to a full stop about ten feet away from the
cars standing upon the grade.  Plaintiff went forward
to make the coupling.  The link and pin had been left

in the head freight car. When uncoupling the train at that place the pin had stuck, and plaintiff pulled the one in the forward car. On returning to couple the engine, he made no attempt to remove this pin and link and to place it in the drawbar of the tender, but, having his lantern on his arm and heavy mittens on his hands, he said to the engineer, "About ten feet back, Dave," and at the same time gave him a "slow" signal with his lantern. The engineer backed slowly, and, when within three or four feet of the cars, plaintiff stepped in, took hold of the link to guide it into the pocket of the drawbar, and was caught by the hand, and three fingers mashed. Plaintiff, as a witness, was asked, "Would you have pulled the pin in the dead car, and put it in the engine?" He answered, "No, sir; I would not, for there was no link in the engine." The court, on motion of the defendant, struck out all after the words, "No, sir," of which plaintiff complained. The responsive part of the answer was permitted to stand. The balance was in the nature of an explanation or reason, and not called for by the question. Besides, this witness had already given the same reason; so, in any event, plaintiff could not have been prejudiced.

III. Other alleged errors in rulings upon the admission of testimony can not be considered, as the assignment of errors is not sufficiently specific. The assignment relates to many different rulings, and they are grouped together in this assignment. It is impossible to know what particular error is relied upon, except by a resort to the argument. Code, sec. 3207; *Smola v. McCaffrey*, 83 Iowa, 761, 50 N. W. Rep. 16.

IV. The negligence charged is in suffering the brakes on the engine and tender to become suddenly detached from the wheels, in consequence of which the engine and tender were permitted to back down with

great force and violence. The theory of plaintiffs seems to be that by releasing the brakes the engine was permitted to back down too suddenly; its speed being accelerated by its weight, and the fact that it was going down grade. The only testimony introduced relating to the manner in which the injury was caused was that of plaintiff. We quote a portion of his evidence.

"When I gave the signal the engineer commenced to back up. Slowly. I don't know whether he used steam or not. I could not say whether the engineer used any steam from the time he stopped the engine until the accident occurred. I have no knowledge of that. But I know that when I gave this order he commenced to back slowly. It kept getting a little slower until about four or six inches, I should judge. After it got started nicely it commenced to get a little slower. Its motion all the time was slow. As it drew near I stepped in where I could reach it handily. Then they came together with a good deal quicker force. The engine did not stop at all from the time it started until the accident occurred. I am sure of this. * * * From the time he stopped there, ten feet away, I don't know whether he used any steam or not. I don't know whether he used the air brakes or not, but I could hear the air brakes being used. The engineer or the fireman used the air brakes. I could tell they were using it, because I could hear the noise, and I could see the brake shoes on the tender draw up once in a while and relax. They are the pieces of iron that press against the wheels and stop them. They drew up and relaxed as if he was applying the air slightly. I don't know whether he was using the air just before the accident or not. I could hear him using it in some way. This was both before and after I took hold of the link. I don't know whether he was using it, releasing it, or setting it. I could hear a kind of a sob. Well, I should say that he was using it in some way. I heard it just before and

after the accident. I could not tell whether this indicated that the air was being applied or let off. I don't know whether the engineer, from the time I took hold of the link until the time of the accident, applied the air, or let it off. I don't remember now. I don't know whether he applied or let off steam, or whether he used steam or not." From this evidence, it does not appear that the accident was caused by reason of the acts charged, nor it it shown that there was any fault or negligence on part of the defendant. The petition charges that the brakes were released after plaintiff had entered between the tender and the car, and had taken hold of the link. In his testimony, plaintiff says he could not tell whether the engineer, from the time he (plaintiff) took hold of the link until the accident happened, applied the air, or let it off. He thus failed to establish his cause of action, and the trial court properly directed a verdict for the defendant.

In view of the disposition we have made of the case, it is not necessary that we should pass upon the questions presented in defendant's motion. AFFIRMED.