SILAS ANDERSON v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Appellant.

| 93 | 561 |
| 105 | 110 |

| 93 | 561 |
| 110 | 460 |

| 93 | 561 |
| 113 | 348 |

**Railroads:** KILLING STOCK. Evidence held sufficient to sustain ver-
1  dict against the railway.

CONTRIBUTORY NEGLIGENCE will not defeat action under Code, 1289.
2  It requires a willful act of owner or agent.

PRESUMPTION that a fence was reasonably safe to turn stock on an
3  afternoon does not necessarily show that a railroad is not liable
   for a horse found dead the next morning.

DOUBLE DAMAGE NOTICE. The notice was addressed to the C., R. I.
   & P. R. R. The road's name is Chicago, Rock Island & Pacific
   *Railway* and the notice was served on its agent. It is commonly
   known as the Chicago, Rock Island & Pacific Railroad, and parol
   evidence was properly admitted to show that it was usually
4  known by its initials. *Held,* the notice sufficiently based double
   damages.

*Appeal from Van Buren District Court.*—HON. W. D. TISDALE, Judge.

MONDAY, JANUARY 28, 1895.

Action under section 1289 of the Code, to recover double damages for the alleged killing of two horses, because of defects in defendant's right of way fence. The case was tried to a jury, and a verdict returned in favor of the plaintiff, on which judgment was entered, and from which defendant appeals.— *Affirmed.*

*Thomas S. Wright* and *Sloan, Brown & Sloan* for appellant.

*Wherry & Walker* for appellee.

Given, C. J.—I. Appellant's first contention is that the verdict is contrary to the evidence. The evidence shows that the horses entered the right of way through the wing fence connecting the right of way fence with the east abutment of a bridge spanning a passageway under defendant's track. The horses were found on Sunday morning, January 1, 1893, dead, in a cut about one hundred yards east of the bridge. This cut extended from near the bridge a considerable distance east, the foot of the slopes being within four to six feet of the rails, and the top within four to six feet of the hedge fence inclosing the right of way. The horses were in the care of one George Vickers, who permitted them to be turned out, so that they could go from the barn, through this undercrossing, to a field beyond. A week before the horses were killed, one Lawman had partially torn down this wing fence, for the purpose of removing a runaway horse from the right of way. On Tuesday preceding January first, defendant's sectionmen replaced the fence in

a temporary manner, sufficient, as they say, to turn stock, and testified that it was in that condition at four p. m. Saturday evening.

Appellant contends that the fence was in proper condition when repaired, was in that condition at four p. m. on Saturday, and, from these facts and its condition on Sunday morning, insists that it must have been opened by some trespasser after four p. m. Saturday, and therefore the defendant is not liable.   There is a conflict in the evidence as to the manner in which the fence was repaired, and as to its condition on Sunday morning.   We cannot say that the jury was not warranted in finding that the horses got upon the right of way because of the fence not being properly replaced.

Appellant also contends that there is no evidence that the horse which was found lying dead between the rails was killed by the train that passed over the road that night.   It is true but one train passed that night; that it could not have passed over the dead horse; and that the engineer testifies that he hit but one horse. It is not impossible, however, that this horse was hit without either the engineer or fireman knowing it, and that it came again upon the track after the train passed.   The topography of the right of way indicates that such was the fact, and there is no other apparent cause for the death of the horse than that it was struck by the train, and we think the jury was warranted in so finding.

II.   Appellant complains of the refusal to give certain instructions asked.   The substance of these instructions is that if George Vickers, who had care of the horses, was guilty of negligence in permitting them to be turned out when and where they were, the plaintiff could not recover. "This liability exists, regardless of the question of negligence.   Indeed, the statute expressly declares that

liability to exist unless the injury was occasioned by the willful act of the owner or his agent." *Spence v. Railway Co.*, 25 Iowa, 141; Code, section 1289; *Krebs v. Railway Co.*, 64 Iowa, 670, 21 N. W. Rep. 131; *Moody v. Railway Co.*, 77 Iowa, 30, 41 N. W Rep. 477. The question whether Vickers acted willfully in permitting the horses to be turned out was certainly involved in the case, and the court instructed that, if the "killing of said horses was occasioned by the willful act of the plaintiff or his agent, then you will find for the defendant."

Appellant asked an instruction, in effect, that, if the fence was repaired so as to be reasonably safe to turn stock, and was in that condition between three and four o'clock on Saturday, the defendant would not be liable. It does not necessarily follow from such a state of facts that defendant might not be liable, and the question of liability under such facts was properly submitted in the instructions given. We think the instructions asked, in so far as they present the law applicable to the case, were sufficiently covered by those given.

III. Appellant's remaining contention is that there is no foundation for the allowance of double damages because the notice on which the award was permitted was addressed, "To the C., R. I. & P. R. R. Co.," the defendant's name being the "Chicago, Rock Island & Pacific Railway Company." The notice and accompanying affidavit each state that the horses were killed "on or about the first day of January, 1893, at a point about one mile westward from Bonaparte, in Van Buren county, Iowa, on the railroad commonly known as the 'Chicago, Rock Island and Pacific Railroad,' running from Keokuk, Iowa, to Des Moines, Iowa." This notice and affidavit was served on the station agent employed in

the management of the business of the Chicago, Rock Island & Pacific Railway Company, at the station of said railroad company at Bonaparte, in Van Buren county, Iowa. There was no error in permitting evidence to show that this defendant was commonly known by the initial letters used in the notice and affidavit.

Our conclusion from the record is that the judgment of the District Court should be *affirmed*.