SENECA HERKIMER v. ANDREW KEELER, Appellant.

**Officers de facto.** Under Code, section 1177, providing that officers, before entering upon the discharge of their duties, shall qualify

by taking the prescribed oath and give a bond before noon of the first Monday in January following the election, and section 1265, providing that an office becomes vacant on failure of the incumbent to qualify, one elected justice of the peace in November in the township where the land in suit is situated, but who did nothing towards qualifying or assuming the office until the following March, after a forcible and detainer suit was brought in an adjoining township, was not a *de facto* officer at the time the suit was brought, making it necessary that the suit should have been brought before him.

**Constitutional Law:** JURISDICTION OF JUSTICE: *Forcible entry and detainer.* Code, section 4211, giving justice of the peace jurisdiction in forcible entry and detainer where lessee holds over after the termination, or contrary to the terms, of his lease, does not contravene constitution, article 11, section 1, which provides that the jurisdiction of justices of the peace shall extend to all civil cases except cases in chancery and cases involving title to real estate, where the amount in controversy does not exceed one hundred dollars, since the question involved in such cases is the fact of possession alone, and not necessarily the right of possession, and therefore, although the value of the land in controversy exceeds one hundred dollars, the constitutional limitation does not apply.

*Same.* The term "civil cases," as used in the constitution, article 11, section 1, which provides that "the jurisdiction of justices of the peace shall extend to all civil cases," with stated exceptions, includes special proceedings and all cases not within the exceptions.

**Forcible Entry and Detainer:** DIRECTING VERDICT. Forcible entry and detainer being defined by Code, section 3425, as a special action, is no longer a criminal proceeding and is governed by Code, section 3438, which declares that provisions relating to the prosecution of a civil action shall be followed in special actions not otherwise regulated, so far as applicable; and a direction of a verdict in such action by the court, in a proper case, is not error.

PLEADING: *Waiver.* Where, in justice court, the petition is not filed when the action is commenced, the defendant, by appearing and filing answer, waives such irregularity, and confers jurisdiction.

**Assignments of Error.** An assignment of error as to certain rulings on evidence, which are grouped together in one assignment so that it is impossible to know which particular error is relied upon except by resort to the argument, will not be considered.

OBJECTION BELOW: *Waiver.* Where the objection that the petition was not properly verified was not raised in the lower court, it cannot be considered on appeal.

*Appeal from Calhoun District Court.*—HON. S. M. ELWOOD, Judge.

THURSDAY, DECEMBER 14, 1899.

ACTION ⸱ f forcible entry and detainer tried originally before a justice of the peace, appealed by the defendant to the district court, and ended in that court by motion to direct a verdict for plaintiff, which was sustained. Defendant appeals.—*Affirmed.*

*Geo. W. Bowen* and *McCrary & McCrary* for appellant.

*E. C. Stevenson* and *Hutchison & Jacobs* for appellee.

DEEMER, J.—The land in controversy is situated in Jackson township, Calhoun county, but plaintiff brought his action before a justice of the peace of Lake township, adjoining Jackson, and alleged that there was no legally qualified acting justice in Jackson township. The defendant contends that the justice of Lake township had no jurisdiction, because it appears there was a *de facto,* if not a *de jure,* justice of the peace in Jackson township. The action was commenced on the 13th day of March, 1899. It appears that one Long received a majority of the votes cast in Jackson township for justice of the peace at the November election in the year 1898, but that he did nothing towards qualifying or possessing himself of the office until March 14, 1899, at which time he filed an oath and bond with the county auditor. The statute (Code, section 1177) provides that officers, before entering upon the discharge of their duties, shall qualify by taking the prescribed oath and giving bond before noon of the first Monday in January following their election, and that, under certain contingencies, not necessary to be enumerated, the time is extended for ten days after the day so fixed. Section 1265 also provides that an office becomes vacant on failure of the incumbent to qualify. There is no showing whatever that Long assumed to

act as justice, or to perform any of the functions of that office, until after the filing of his bond, which, as we have seen, was after the commencement of this action. Appellant contends, however, that he was a *de facto* officer; that the case should have been commenced before him; and that section 4212 of the Code, authorizing an action before a justice in an adjoining township when there is none qualified to act in the township where the land is situated, does not apply. Conceding that the rule contended for by him applies, we have the question, who is an officer *de facto?* Surely, Long was not such an officer merely because he was elected to the office.      For failure to comply with the statute within the time fixed, the office became vacant, and he was not a *de jure* officer.      Whether or not he was a *de facto* officer depends upon the facts.      If he assumed to act as justice after his election, without taking the oath and filing bond, he might then be considered such an officer. A *de facto* officer is one who, *colore officii,* claims and assumes to exercise official authority, is reputed to have it, and in whose acts the community acquiesces. *Hussey v. Smith,* 90 U. S. 20-25 (25 L. Ed. 314). He has been said to be one who exercises the duties of an office, claiming the right to do so under some commission or appointment.      *Smith v. Cansler,* 83. Ky. 367; *Brown v. Lunt,* 37 Me. 425; *Attorney General v. Crocker,* 138 Mass. 218.      As said in *Ex parte Strahl,* 16 Iowa, 369: "An officer *de facto* is one who comes in by the forms of an election or appointment, and who thus acts under claim and color of right, but who, in consequence of some informality, omission, or want of qualification, could not hold his office if his right was tried in a direct proceeding by information in the nature of *quo warranto."*      As Long did not assume to act in virtue of his election until after this suit was brought, he was not an officer *de facto,* and the justice of Lake township clearly had jurisdiction.      The cases relied upon by appellant all refer to officers who have assumed to act under some color of title or claim of right.

Some questions were propounded to Long relating to the time from which he commenced to act as justice of the peace. Objections to these questions were sustained, and of this complaint is made. The questions called for a statement from this witness as to his assuming to act as a justice after March 10, 1899, at which time it is claimed he in fact signed the bond and took the oath. The assignment of error relating to these rulings is not sufficiently specific. It relates to many different rulings, and they are grouped together in one assignment, so that it is impossible to know what particular error is relied upon except by resort to the argument. We cannot therefore consider the alleged error. *Calkins v. Railway Co.,* 92 Iowa, 714; *Feister v. Kent,* 92 Iowa 1; *Peterson v. Machine Co.,* 97 Iowa, 148. Moreover, the object of the rule holding the acts of a *de facto* officer valid is to prevent damage to persons who confide in one whom they reasonably believe to be an officer, and it will not generally be applied to protect a person who knows that the officer is not a legal officer. *Cosgrove v. Perkins,* 139 Mo. 106 (40 S. W. Rep. 650); *State v. Carroll,* 38 Conn. 499; *School Dist. v. McDonald,* 98 Pa. St. 444; *Herring v. Lee,* 22 W. Va. 661. A *de facto* officer cannot maintain an action to recover the salary attached to the office, and he may disavow his authority, and cease to act. The statute provides that actions of forcible entry and detention may be brought in a township other than the one wherein the land is situated when there is no justice present or qualified to act in the township wherein the subject of the action is located. It is the acts of *de facto* officers that are held valid in order that the public may have protection, and, if Long had not qualified at the time this action was brought, and plaintiff had knowledge that he was not a *de jure* officer, it may well be doubted whether the action should have been brought before him. But, in view of the insufficiency of the assignments of error, that question need not be decided.

II. Section 1 of article 11 of the constitution provides that "the jurisdiction of justices of the peace shall extend

to all civil cases, except cases in chancery and cases where the question of title to real estate may arise, where the amount in controversy does not exceed $100.00" And section 4211 of the Code gives justices of the peace jurisdiction of actions for the forcible entry and detention of real property in cases where a lessee holds over after the termination, or contrary to the terms, of his lease, as well as in certain other cases, not necessary to be here mentioned. It is insisted that this section conferring jurisdiction on a justice of the peace is contrary to the constitutional provision first quoted. The action of forcible entry and detainer is a summary proceeding, and the question involved is the fact of possession alone, and not, necessarily, the right of possession. *Stephens v. McCloy,* 36 Iowa, 659; *Emsley v. Bennett,* 37 Iowa, 15. And in *Easton v. Fleming,* 51 Iowa, 305, we held, in construing the Code of 1873, that a justice of the peace has original jurisdiction of such proceedings. In such a case as this the only issue is, was defendant holding over after the termination of, or contrary to the terms of, his lease? It is expressly provided in section 4216 that the question of title cannot be investigated before a justice. The proceedings cannot be made a substitute for an action of right. As the question of unlawful detention after the expiration of the lease is alone involved, the constitutional provision limiting the jurisdiction of the justice to a certain sum does not apply. *Beck v. Glenn,* 69 Ala. 121; *Dibell v. People,* 22 Mich. 371; *Hannigan v. Mossler,* 44 Ill. App. 117; *Hart v. Moon,* 6 Cal. 161; *Weston v. Haley,* 27 Vt. 283. The proceedings are special and summary, and the legislature has the right to dispose of the jurisdiction according to its own wisdom. *Small v. Gwin,* 6 Cal. 447. But it is said that, as the constitution enumerates the cases of which a justice has jurisdiction, all others are excluded. This overlooks the fundamental idea of a state constitution. Such instrument is not a grant of, but a

limitation upon, the powers of the state. In the absence of any constitutional provision, the legislature could create courts and define their jurisdiction. The language we have quoted from the fundamental law is a limitation upon the power of the legislature, and, as it is not inhibited from giving justices of the peace jurisdiction of special or summary proceedings, that power exists, and cannot be questioned. Moreover, the article and section to which we have referred make certain exceptions, to-wit, "cases in chancery and cases where the question of title to real estate is involved." Having named these exceptions, no others will be implied. Again, the term "civil case" includes special proceedings. *College v. Guilbert,* 100 Iowa, 213; *Tomlinson v. Hammond,* 8 Iowa, 40.

III. The court directed a verdict for plaintiff. This, it is insisted, it had no power to do, for the reason that the proceedings are criminal in nature, and defendant has the right to the verdict of a jury. Originally, such proceedings were criminal, and some courts have said that under statutes they are quasi criminal. We have seen that our Code calls them "summary." A better definition is that they are special actions. Indeed, the Code so defines them. See section 3425. This same Code, at section 3438, declares that the provisions relating to the prosecution of a civil action shall be followed in special actions not otherwise regulated, so far as applicable. As this proceeding is not otherwise regulated, it is governed by the rules applicable to ordinary actions, and in a proper case the court may direct a verdict for the plaintiff.

IV. Again, it is said the petition was not properly verified. This question does not seem to have been presented either to the justice of the peace or the district court, and therefore cannot be considered here. Code, section 3588, provides that such defect is waived if the other party responds thereto, or proceeds to trial without objection. See, also, *Stineman v. Beach,* 36 Iowa, 73. The petition was not a nullity, and appellant's only remedy was by

motion. *Rush v. Rush,* 46 Iowa, 648; *Guthrie v. Guthrie,* 84 Iowa, 372. Further, it is argued that, as the petition was not filed when the action was commenced, neither the justice nor the district court had jurisdiction. If there was any irregularity in this respect, defendant waived it by appearing and filing answer. *Shaffer v. Trimble,* 2 G. Greene, 464. Jurisdiction was conferred, although the petition was not filed until return day. *Duffy v. Dale,* 42 Iowa, 215; Code, sections 4486, 4487.

V. Lastly, it is insisted that the court was in error in directing a verdict for plaintiff. There is no dispute but that the original lease under which defendant was holding expired on the 1st day of March, 1899, but defendant claims that before the expiration of that lease he rented the property for the additional term of one year from and after March 1, 1899. This is denied by plaintiff, and the issue thus presented was purely one of fact. If there was any substantial conflict in the evidence on this point, plaintiff's motion should not have been sustained, and we look to the record to discover whether there was any such evidence of the execution of a new lease as would have justified the court in submitting the question to a jury. That there were negotiations looking towards the execution of a new lease is conceded, but we agree with counsel for appellee in saying that this never ripened into a contract, and that, if the jury had so found, it would have been the duty of the trial court to set aside their verdict. The case comes clearly within the rule announced in *Meyer v. Houck,* 85 Iowa, 319. It is not usual to set out the record which leads to our conclusions of fact. Statement of ultimate conclusions is all that is necessary or profitable. No prejudicial error appears, and the judgment is AFFIRMED.

GRANGER, J., not sitting.