.AUGUST POTHAST v. CHICAGO GREAT WESTERN RAILWAY COMPANY, Appellant.

**Injury to Cattle:** DEFECTIVE CATTLE GUARDS. Where a cattle guard on a railway was so filled with sand that there was a path across it that might be readily traveled by cattle, and the cattle crossed and were injured on the right of way, the railway company is liable, without regard to what induced the cattle to go there, so long as the owner was not in willful fault.

:BURDEN OF PROOF. Under Code 1873, section 1228, making a railway liable for damages sustained by reason of its neglect to construct and maintain cattle guards at crossings, the railway is liable for all damages sustained by reason of such neglect, and it is only necessary for the injured party to prove such neglect.

HARMLESS ERROR. While testimony, in an action to recover for cattle killed on a railway, that gravel must have fallen from the cars onto the cattle guards and had not been cleared off, and that an animal could walk across it, should have been stricken, it was not prejudicial error to refuse to do so, since it was immaterial how the sand and gravel got into the cattle guard.

`SAME: *Examination of witness by judge*. There was no prejudicial error in the trial court asking questions of a witness, where the character of the examination indicated that the only purpose of the court was to have the witness' meaning understood, and the answers were but repetitions, though making his meaning clearer.

Review on Appeal: CONFLICT IN EVIDENCE. Where there is a substantial conflict in the evidence, the verdict will not be disturbed on the ground that it was not sustained by the evidence.

*Appeal from Marshall District Court.*—HON. OBED CASWELL, Judge.

i WEDNESDAY, JANUARY 31, 1900.

ACTION to recover damages for live stock killed and injured by a train on defendant's railway at a place where

the company had the right to fence. There was a trial by jury. Verdict and judgment for plaintiff. Defendant appeals.—*Affirmed.*

*Cummins, Hewitt & Wright* and *J. L. Carney* for appellant.

*B. F. Cummings* for appellee.

WATERMAN, J.—The cattle, consisting of some forty-nine head, broke from the pasture in which they were kept, and wandered down the highway to where it crossed defendant's railway. A train upon the railway, pulled by two engines, ran into the herd, killing nine head and injuring as many more. It is defendant's theory that the cattle were all upon the crossing when struck by the train; that some were carried by the train upon the right of way, and others were frightened so that they broke through the wing fences and went upon the right of way to the places where they were afterwards found lying, which were some distance beyond the cattle guard. Of course, if the cattle were struck while upon the highway crossing, there would be no liability on defendant's part, for there is no claim of negligence in the management of the train. The first ground urged for reversal is that the verdict is not sustained by the evidence. The testimony of defendant's witnesses tends to sustain its theory as we have set it forth. On the other hand, there was evidence going to show that the cattle guard was defective, in that it was filled almost to the surface outside the rails with sand and gravel. Very shortly after the accident cattle tracks were seen in this sand and gravel, indicating that the cattle had walked over the cattle guard onto the right of way. Several witnesses, one of whom came upon the scene immediately after the accident, and the others within a short time, say that there were no signs on the highway of the cattle being struck there,—no blood or hair on the rails, no indication on the ground of an animal being pushed

along,—although it is admitted that when the train stopped,. some three hundred or four hundred feet beyond the cattle guard, one of the cattle was so tightly wedged under the cow-catcher of the front engine that the train had to be backed in order to release it. After the accident the dead and injured cattle were found lying along the track inside the right of way,—the nearest fifteen rods from the cattle guard, and the most distant twenty-eight rods from it. Altogether, there was a substantial conflict in the evidence. It was a case for the jury, and we cannot disturb their finding on the ground we are now considering.

II. Much complaint is made of the instructions,— both of those given and those refused. The principles announced in instructions Nos. 5 and 7 asked by defendant are covered by the charge given. Instruction No. 9 asked was as follows: "You are instructed that if the cattle were crowded, pushed, or frightened by the engine or train over and across the cattle guard, and were afterwards struck or injured by the engine or train, then the defendant company would not be liable for such injury." This does not announce a correct rule of law. If the cattle guard was so filled with sand that there was a path across it that might be readily traveled by cattle, and if these cattle did cross, and were struck by the train upon the right of way, the defendant is liable, without regard to what induced the cattle to go there, so long as the owner was not in willful fault. *Anderson v. Railway Co.,* 93 Iowa, 561; Code 1873, section 1289. Suppose, instead of a defective cattle guard, it was a gap in a right of way fence that was complained of; would it be any defense to say that the cattle passed through it upon the track because frightened by the train? To ask the question is to answer it. Instruction No. 4 of the charge given is in part in the language of section 1288. The duty of defendant to construct sufficient cattle guards was stated, and them

it was said: "It is liable for all damages sustained by any person by reason of such neglect or failure, and it shall .only be necessary, in order to recover, for the injured party to prove such neglect or refusal." It is said this court has held that the clause quoted does not specify all that must be established by a plaintiff, to entitle him to recover. We have said, for instance, that the injury must be shown to :have resulted from the neglect complained of. *Croddy v. Railway Co.,* 91 Iowa, 598. But in this very paragraph :that principle is announced. The whole case was tried ·on that theory. Plaintiff assumed the burden of showing that the cattle went upon the right of way over the defective .cattle guard. The jury could not have been misled.

III. A witness testifying to the condition of the cattle guard answered: "Well, they graveled that road, and by that gravel train. I suppose it fell in between the cars, or fell . · down on there, and it had not been cleared off since they graveled the road." A motion to strike this answer was overruled. The motion should have been sustained, but the error could not have been prejudicial. It was immaterial how the sand and gravel got into the cattle guard. Was it there, is the important question. Likewise, we think there was no prejudice in overruling a motion to strike the following answer, given in response to a question calling for the condition of the cattle guard: "Why, yes; I noticed that there would not be any trouble in a critter walking across it." The witness stated in this connection the fact that the excavation was filled with sand and gravel.

IV. During the examination of a witness, a number of questions were asked of him by the court. This is urged here as error. While this practice is possibly not to be commended, we are far from thinking that in every instance it should be condemned. As bearing on this subject, and supporting the court's right to examine the witness, see *State v. Nickens,* 122 Mo. 607, 27 S. W.

Rep. 330; *Huffman v. Cauble,* 86 Ind. 591; *Lockhart v. State,* 92 Ind. 452; *Long v. State,* 95 Ind. 487; *Epps v. State,* 19 Ga. 102; *Com. v. Galavan,* 9 Allen, 271. The right of the judge to recall a witness and examine him to supply an omission in the proof is affirmed in one case. *State v. Lee,* 80 N. C. 484. And in still another case we find the trial court's action in calling and examining a person as a witness, who had not been put upon the stand by either party, approved. *Coulson v. Disborough* [1894] 2 Q. B. 316. But we do not deem it necessary, at this time, to do more than announce a rule for this case. The character of the examination here indicates that the only purpose of the court was to have the witness' meaning understood. The answers given the court, were but repetitions of what the witness had already said, though made somewhat clearer. We feel sure that defendant's case was not prejudiced by the action of the trial judge in this matter. No substantial error being shown, the judgment is AFFIRMED.

GRANGER, C. J., not sitting.