GEORGE HUSS v. CHICAGO GREAT WESTERN RAILWAY COMPANY, Appellant.

**Assignment of Error:**   RULING ON MOTION WHICH HAS SEVERAL GROUNDS. Code, section 4136, requires that assignments of error must clearly indicate the error complained of, and,

113   343
o116   718
117   341

113   343
118   558

113   343
o120   284
120   429
f120   634
120   679
121   260
122    31
123   237

where several grounds are stated in a motion for a new trial, the one relied on must be specifically stated. Defendant, in his motion, specified several grounds for a new trial, one of which was that the verdict was not supported by the evidence, and in a single assignment of error alleged that the court erred in overruling the motion on each ground thereof. *Held*, that the assignment was not sufficiently specific to present the question whether the verdict was supported by the evidence, for review.

Verdict: SPECIAL FINDINGS: *Review on appeal.* Plaintiff's animals got on defendant's track through a defective gate, and were killed. The court charged, in an action therefor, that if the jury failed to find from the evidence the cause of the gate being open at the time plaintiff's horses went on the track, the verdict must be for defendant, and the jury, in answer to a special interrogatory, found that the gate was open because of defendant's negligence. Defendant did not object to the answer as indefinite, nor move to set aside the verdict for failure of the jury to properly answer it. *Held*, that a verdict for plaintiff would not be set aside on the ground that the jury failed to find the existence of the fact essential to its support, since the answer did not indicate that the jury did not know that the gate was open for a cause for which defendant was responsible and, if defendant desired a more specific answer, he should have requested it at the trial.

SAME: *Presumptions.* Where there was evidence from which facts could be found to sustain a verdict, it will be presumed in favor of a general verdict that such facts were found, though the jury failed to return an answer to a special interrogatory.

*Appeal from Warren District Court.*—HON. J. H. APPLE-GATE, Judge.

WEDNESDAY, APRIL 10, 1901.

ACTION against a railway company to recover damages for stock killed on its right of way, where the company had a right to fence, and at a private crossing. Verdict and judgment for plaintiff. Defendant appeals.—*Affirmed.*

*Cummins, Hewitt & Wright* and *Henderson & Berry* for appellant.

*O. C. Brown* and *George Clammer* for appellee.

McClain, J.—One of the claims of appellant is that the verdict is not supported by the evidence. Appellee contends that no such error is properly assigned. The assignment relied on is that the court erred in overruling defendant's motion to set aside the verdict and grant a new trial, and erred in overruling each ground thereof. Among the grounds for a new trial was this: "Because the verdict is contrary to, and not supported by, the evidence."

An assignment of error in sustaining or overruling a motion for a new trial, based on the one specific ground that the verdict is contrary to, and not supported by, the evidence, is sufficient. It would not be practicable to point out how each particular part of the evidence fails to sustain the verdict, nor is it necessary in the assignment to present the arguments which tend to show that the ruling should have been otherwise. *Waller v. Waller,* 76 Iowa, 513; *Sneer v. Stutz,* 93 Iowa, 62; *Farmers Sav. Bank v. Wilka,* 102 Iowa, 315. But Code, section 4136, requires that the assignments "must clearly and specifically indicate the very error complained of, and among several points made in demurrer, motion, instructions, or rulings, the one, or those relied on, must be separately stated." It has been held in a great number of cases that an assignment of error in the overruling of a motion for a new trial, where several grounds are stated in the motion, is not sufficiently specific. *Leekins v. Marmon Co.,* 66 Iowa, 471; *Hasner v. Patterson,* 70 Iowa, 681; *Duncombe v. Powers,* 75 Iowa, 185; *State v. Harbach,* 78 Iowa, 475; *Feister v. Kent,* 92 Iowa, 1. The assignment in this case, however, is in overruling defendant's motion for a new trial on each ground thereof, and the question is whether in one assignment, error in overruling a motion for a new trial on different specific grounds, where the grounds themselves are sufficiently stated in the motion, can be considered as properly raising an error appearing in the ruling on one of the grounds of the motion. On this question the language of

·the statute above quoted seems to be conclusive, See *Morris v. Railroad Co.,* 45 Iowa, 29 ; *McMurray v. Insurance Co.,* 87 Iowa, 453 ; *Koenigs v. Railway Co.,* 98 Iowa, 569 ; *Geiser Mfg. Co. v. Krogman,* 111 Iowa, 503. No doubt, exceptions ·may be taken in this collective way when it is specified that the ruling as to each of the grounds is relied upon, but the ·statute seems to preclude the grouping together in one as- .signment of several specific rulings. *Herkimer v. Keeler,* 109 Iowa, 680 ;*Calkins v. Railway Co.,* 92 Iowa, 714. We desire to state quite definitely the ground of our ruling in ·this respect, in order that the practice may be made certain. While we are satisfied that there was no error in overruling the motion for a new trial on the ground that the ·verdict was not supported by the evidence, we prefer to base ·our conclusion in this case on the ground above stated.

The evidence tended to show that the animals killed got on the right of way through a defective gate at a private ·crossing, and the jurors were instructed as follows : "If .you fail to find from the evidence in this case the cause of said gate being open at the time that plaintiff's horses went upon the said railway track, then your verdict must be for ·defendant." In response to a special interoggatory as to what was the cause of the opening of said gate at the time plaintiff's horses went upon defendant's railway track, the jury answered, "Negligence on part of defendant." Appellant insists that, regarding the instruction given as the law ·of the case, the answer to the special interrogatory was such as to render a verdict for the plaintiff erroneous, and urges that, where a specific fact must be found by the jury in order ·to support their verdict, the failure to find that specific fact, ·when asked in a special interrogatory, will be sufficient .ground for setting the verdict aside. It is, perhaps, true that where a specific fact is essential, and the jury answers with reference to that fact that they do not know, then the ·verdict cannot stand. *Fisk v. Railway Co.,* 74 Iowa, 424 ; *Darling v. West,* 51 Iowa, 259. But this is not a case of

that kind. This answer does not indicate that they did not know or did not find that the gate was open for a cause which charged the defendant with the resulting injury, but rather the contrary. The most that can be said is that the interrogatory was not answered at all. Now, if the defendant desired an answer to this interrogatory, or a more specfic answer, it should have asked that the court require the jury to return a definite answer to the question. But no such request was made. Defendant did not even move to set aside the verdict for failure of the jury to properly answer this interrogatory, and no assignment of error is in any way based on the fact that a more specific answer was not required. Where a special interrogatory remains unanswered, it must be presumed in support of the general verdict that the jury found such facts as were necessary to sustain it. *Mack v. Leedle,* 78 Iowa, 164.

The jury may well have found under the evidence that the gate was worked open by the wind or pushed open by stock. It was confessedly defective, and, although it was a recent substitute for an old gate, it seems to have had the same defects in construction which were inherent in the former one, which is shown to have been worked open by the wind or stock prior to the time the new one was substituted. Indeed, the new gate appears to have come open without the intervention of human agency after the occurrence in question in this case, and before a change was made in it which tended to make it more secure. It is said in *Johnson v. Railroad Co.,* 55 Iowa, 707, that, even though there is evidence of a defective gate, the burden is still on the plaintiff to show that the gate was open through defendant's fault, but in that case there was a reversal on account of error in the instructions. In this case no complaint is made of the instructions, but it is contended that the jury could not have found that the facts showed the gate to have been open through defendant's fault. This was a question for the jury, and in support of their verdict it will be presumed

that they reached that conclusion on the facts, if there was any evidence on which to base such conclusion, and we are clearly of the opinion that there was. In this view of the case, the decision of this court in *McKinley v. Railroad Co.,* 47 Iowa, 76, is conclusive. See *Anderson v. Railroad Co.,* 93 Iowa, 561.—AFFIRMED.