SCRIBNER *vs.* KELLEY and others.

The liability of the owner or keeper of an animal of any description, for an injury committed by such animal, is founded upon negligence, actual or presumed.

It is not in itself unlawful for a person to keep wild beasts, though they may be such as are of a nature fierce, dangerous and irreclaimable; but the propensity of such animals to do dangerous mischief being inherent and well known, the owner or keeper is required to exercise such a degree of care in regard to them as will absolutely prevent the occurrence of an

Scribner *v.* Kelley.

injury to others through such vicious acts of the animal as he is naturally inclined to commit.

To maintain an action for an injury caused by the vicious act of such an animal, it is not necessary to prove that it occurred through the actual negligence of the owner or keeper; but the negligence upon which his responsibility rests will be presumed.

Where an injury happened to the plaintiff in consequence of his horse taking fright at an elephant passing along the highway in the charge of a keeper, prior to the passage of the act of April 2, 1862, regulating the use of public highways; *Held,* that to render the owners of the animal liable for the damage sustained, it would be necessary to show, not only that such is the effect of the appearance of an elephant upon horses in general, but also that the owners knew or had notice of it.

ACTION brought to recover damages for an injury caused by the fright of the plaintiff's horse at the sight of an elephant of the defendants, about November 22, 1857, at or near Tarrytown, in the county of Westchester. The elephant was in charge of a person alleged to be the servant of the defendants. The person so in charge at the time of the accident was traveling with the elephant on the highway called the Highland turnpike, and was riding on horseback, on the westerly side of said elephant. The plaintiff, with his horse and wagon, was traveling through Beekman street, going east, and was about one hundred feet from said turnpike road, when his horse, seeing the elephant coming down the turnpike, at some distance above the point of intersection of Beekman street with the turnpike, became frightened and ran away, causing the damage complained of. The complaint alleged that the defendants were the owners of said elephant, and the person in charge of him their servant, and that said servant well knew that said elephant was calculated to and would frighten horses, and that by want of care on his part, without any negligence of the plaintiff, the damage occurred. The answer of the defendant Kelley admitted the ownership of the elephant, and denied every other allegation in the complaint. After the plaintiff rested his case, the counsel for the defendants moved for a nonsuit and dismissal of the com-

plaint, on the grounds, 1st. That there was no proof that the defendants knew the elephant would cause and produce such injury; and 2d. There was no proof of carelessness or negligence on the part of the defendants or their agents or servants. Which motion was granted by the court and the complaint dismissed, on the ground that no negligence was shown on the part of the defendants, and the plaintiff excepted to such decision. The plaintiff moved for a new trial, on a case and exceptions ordered to be heard in the first instance at a general term.

*Robert S. Hart,* for the plaintiff.

*Close & Robertson,* for the defendants.

*By the Court,* SCRUGHAM, J. The liability of the owner or keeper of an animal of any description, for an injury committed by such animal, is founded upon negligence, actual or presumed. It is not in itself unlawful for a person to keep wild beasts, though they may be such as are of a nature fierce, dangerous and irreclaimable; but as the propensity of such animals to do dangerous mischief is well known, and is inherent and not to be eradicated by any effort at domestication, nor restrained except by perfect confinement or extraordinary skill and watchfulness, the owner or keeper of such dangerous creatures is required to exercise such a degree of care in regard to them as will absolutely prevent the occurrence of an injury to others through such vicious acts of the animal as he is naturally inclined to commit. Under such circumstances the occurrence of the act producing the injury affords sufficient evidence that the owner or keeper has not exercised the degree of care required of him, and his failure to do so is negligence. Therefore, to maintain an action for an injury caused by the vicious act of such an animal, it is not necessary to prove that it occurred through the actual

Scribner *v.* Kelley.

negligence of the owner or keeper, but the negligence upon which his responsibility rests will be presumed.

This is so because the injury results from a vicious propensity which is the natural effect and sure accompaniment of the savage and ferocious nature of the animal, and the existence of such qualities in him is equivalent to proof of express notice of the propensity. But it is apparent that the rule will not apply where the injury does not proceed from any such propensity; for it is only of its existence that the savage and ferocious nature of the animal can be regarded as notice.

In this case the injury resulted not from the act of the elephant, but from the fact that his appearance, as he was passing along the highway, caused the horse of the plaintiff to become frightened and unruly. To render the defendants liable for the damage that accrued, it would be necessary to show, not only that such is the effect of the appearance of an elephant upon horses in general, but also that the defendants knew or had notice of it; for if it is conceded that the elephant is of a savage and ferocious nature, it does not necessarily follow that his appearance inspires horses with terror. It does not appear that the elephant was at large, but on the contrary that he was in the care, and apparently under the control, of a man who was riding beside him on a horse; and the occurrence happened before the passage of the act of April 2d, 1862, regulating the use of public highways. There is nothing in the evidence to show that the plaintiff's horse was terrified because the object he saw was an elephant, but only that he was frightened because he suddenly saw, moving upon a highway crossing that upon which he was traveling, and fully 100 feet from him, a large animate object to which he was unaccustomed—*non constat* that any other moving object of equal size and differing in appearance from such as he was accustomed to see might not have inspired him with similar terror. The injury which resulted from his fright is more fairly attributable to a lack of ordinary courage and

discipline in himself, than to the fact that the object which he saw was an elephant.

The complaint was properly dismissed, at the circuit.

Judgment for the defendants, with costs.

[ORANGE GENERAL TERM, September 8, 1862. *Emott, Brown, Scrugham* and *Lott*, Justices.]