HIRAM B. GILBERT v. THE FLINT & PERE MARQUETTE RAIL-
WAY COMPANY.

*Judicial knowledge—Highways.*

Judicial notice will be taken that a box freight car standing still at a
highway crossing is not of itself a frightful object to horses of or-
dinary gentleness; the question is not for the jury.

Error to Genesee.   (Newton, J.)   Oct. 3.—Oct. 17.

CASE.   Defendant brings error.   Reversed.

*William. L. Webber* for appellant.

*Long & Gold* for appellee.   Where a train was left on
the highway, with scarcely room for a vehicle to pass, and a
team became frightened thereby, the railway company was
held liable : *Ogle v. Phila., Wil. & Balt. R. R.* 3 Houst.
267 ; *Great Western R. R. Co. v. Decatur* 33 Ill. 381.

GRAVES, C. J.   The defendant has a main and side track
which cross a common highway near the station building at
the village of Grand Blanc.   The traveled portion of the
way at the place of crossing is planked to the width of about
thirty-two feet.   In the course of its business.the company
left an ordinary box freight car standing on the side track,
and within the legal limits of the highway.   It occupied
about one-half of the traveled part, leaving ample room for
the easy passage of teams.   The plaintiff, in going to Mr.
Stone's to dinner, rode in a buggy with Mr. Lyman past
this car without any inconvenience.   But when he returned
in a buggy with Mr. Stone, the horse, on coming to the
track, suddenly started to one side, and as a consequence the
plaintiff lost his balance, and either fell or was thrown in
contact with the wheel, and was injured.   He brought this
action for the injury, and was allowed to recover.

The record raises two or three questions, but only one
need be noticed.   It is important to fix attention upon the

exact ground of the action.   As laid in the declaration, the
essence of the plaintiff's case is that the horse, though one
of ordinary gentleness, took fright at the car, which was
a thing well calculated to and naturally would frighten
horses of that character, and hence that its being left there
was actionable negligence and a basis of liability to the
plaintiff.   We observe, then, that the act complained of is
not the act of leaving a freight car standing on a part of
the highway.   The particular fault charged is the fact of
leaving at that place a vehicle or article which would natu-
rally frighten horses of ordinary gentleness.   The mere
presence of the car in a portion of the highway, and apart
from its fitness or liability to produce that consequence, is
not counted on as matter of grievance.   The right of ac-
tion was rested on the assumption that the car there stand-
ing was a thing which would naturally scare usually gentle
horses.   It was, therefore, a vital question whether it was
really a cause of that kind of danger or not; because, if it
was not dangerous in that way, there was no foundation for
the action.

The defendant's counsel contended at the trial that the
question was one for the court, but the learned judge over-
ruled the point, and decided that it was a subject for the
jury.   We are unable to concur in this ruling.   There are a
vast variety of things which must be regarded as matters of
common knowledge ; things which every adult person of or-
dinary experience or intelligence must be presumed to know ;
things which do not require to be pleaded or to be made the
subjects of specific proof ; and it is not within the province
of a court to leave it to a jury to find contrary to this knowl-
edge.   The question before us is subject to this principle.
It is according to daily experience to see cars going or stand-
ing on the common highways while teams are variously em-
ployed near by, and pass and repass without taking fright.
We have street-cars and steam fire-engines and steam thresh-
ing-machines, but horses readily become familiar with them,
and serious frights are exceedingly rare and entirely excep-

tional.    As objects calculated to alarm horses, the rule is in favor of their harmlessness.

If a standing freight car should be deemed as dangerous as here represented, it would be impossible to consider these machines and vehicles as fit to appear on the highway. Moreover, the reason would apply to a thousand customary and convenient modes of use of our ordinary highways, which have always been exempt from such doctrine, and which must remain exempt unless we are prepared to surrender a large and valuable portion of our rights connected with the public thoroughfares.

I think the principle is settled in *Macomber v. Nichols* 34 Mich. 212, and that the defendant was entitled to the ruling which was refused.

The judgment must be reversed with costs and a new trial granted.

CAMPBELL and COOLEY, JJ. concurred.

SHERWOOD, J. (dissenting) In this case, under the facts and circumstances stated in the record, I think the defendant was guilty of actionable negligence in allowing its freight car to remain standing upon the public highway in the manner it is shown to have done at the time the injury occurred to the plaintiff; and I further think that an empty box car, or any other kind of railroad car, allowed to stand in the highway as this was permitted to, is naturally calculated to frighten horses of ordinary gentleness, not accustomed to go or be used about such cars.

The defendant did not demur to the plaintiff's declaration.    It was sufficient to support the judgment given in this case after a trial upon the merits, and should not be reversed upon the grounds taken in this Court on this hearing.    *Stoflet v. Marker* 34 Mich. 313; *Brown v. McHugh* 35 Mich. 50; *Aldrich v. Chubb* 35 Mich. 350; *Jackson v. Collins* 39 Mich. 559; *Briggs v. Milburn* 40 Mich. 513; *Rowland v. Kalamazoo Sup'ts of Poor* 49 Mich. 553.

I think the case was properly submitted to the jury, and should be affirmed with costs.