O'DONNELL v. THE CHICAGO, MILWAUKEE & ST. PAUL R'Y Co.

1. **Railroads**: GRATUITOUS STREET CROSSING: LOCATION OF STANDING CARS.    A much-traveled street in the town of S. terminated at the defendants' depot grounds.   On the other side of the depot grounds, and opposite to the terminus of said street, another street began, but there was no connecting established highway over the depot grounds.   The defendant, however, had invited and established travel over its depot grounds by planking its tracks at that point, but the planked track was not as wide as the streets on either side, and was not in a direct line connecting them.   *Held* that defendant was not bound to keep open a passage way other or wider than that upon which it had invited travel by

planking it, and that it was not liable for leaving a car standing upon its track adjacent to the plank drive-way, whereat plaintiff's horse became frightened, ran away, and caused her personal injury.

*Appeal from O'Brien District Court.*

MONDAY, JUNE 14.

THE plaintiff seeks to recover in this action for a personal injury which she alleges she received by reason of the negligence of the defendant in leaving a railroad car " at and near the crossing of Third avenue of the town of Sheldon, Iowa, on said defendant's track." She alleges that while attempting to cross said track the horse driven by her became frightened at said car, and ran away, and that she was thrown from the cart or buggy drawn by the horse, and was thus injured. There was a trial by jury, and a verdict and judgment for the plaintiff. The defendant appeals.

*Geo. E. Clarke*, for appellant.

*C. H. Bullis* and *P. R. Bailey*, for appellee.

ROTHROCK, J.—It appears from the evidence in the case that Third avenue, in the town of Sheldon, extends to the depot grounds of the defendant's road. Across the depot grounds, opposite the terminus of Third avenue, there is another avenue which terminates at the depot grounds. No street or highway has been laid out across the depot grounds, but since the railroad has been constructed, which has been for several years, the public have traveled across the depot grounds from the terminus of Third avenue to the street opposite, and this line of travel is one of the principal highways leading from the country into the town. The railroad company planked its track, so that travel could conveniently cross over. This plank crossing is thirty-two feet wide. It is not on a precise line with an extension of Third avenue, but somewhat to one side. An advertising car, belonging to a circus, was left standing on one of the

tracks of the railroad from Friday night until Sunday afternoon. The end of the car was close to the end of the plank crossing. It may have been that it encroached on the crossing, but if so, the encroachment was very slight. Other cars stood upon the track at the other end of the crossing, but we do not understand that they in any manner interfered with the travel. The plaintiff and a female companion were riding in a road cart on Sunday afternoon, and in driving across the railroad track the horse became frightened at the advertising car, and ran away, and plaintiff fell out of the cart, and was injured. The above-recited facts are not in dispute.

One ground of the motion for a new trial was that the verdict was not supported by the evidence. We are very clearly of the opinion that the motion should have been sustained upon this ground. There was no public highway across the depot grounds. It is true, the defendant, by constructing the crossing, invited travel across the track, but it did not invite travel at any other place than at the crossing, and it was under no legal obligation to do so. If it had obstructed the crossing so that an injury had been received by the plaintiff without fault on her part, there possibly might be ground for a recovery. But the ground of complaint is that the company should have removed the car so far from the crossing as that her horse would not have been frightened thereby. She does not complain that she did not have ample room to cross the track, but that the car should not have been so near the crossing as to frighten her horse. Much of the evidence as to the width of Third-avenue, and the position of the car with reference to an imaginary line extending the avenue through the depot grounds, was wholly immaterial, for the simple reason that the avenue extended only to the line of the depot grounds. It was the defendant's right to store cars on the depot grounds, and, so long as it left the crossing which it had voluntary provided for vehicles unobstructed, no one can have any just cause of complaint. Any other rule would permit every person

whose horse or team becomes frightened at cars upon depot grounds to insist that the cars should be stored at some other place than where they are, more remote from crossings, or places where horses or teams may be driven. Such a construction of the rights of parties would invite all sorts of groundless litigation.

The plaintiff relies upon the case of *Young v. Railroad Co.*, 56 Mich., 430; S. C., 23 N. W. Rep., 67, as authorizing a recovery upon a state of facts much like the case at bar. In that case a public highway crossed the railroad track at an angle. The statute required that trains should not be allowed to stand upon a public crossing to exceed five minutes. A freight train came upon the crossing, and was opened to allow travel to pass through. It was not opened wide enough to permit this to be done conveniently, owing to the fact that vehicles crossed the track obliquely. There were two tracks. The plaintiff's horse shied at the cars, so that the cutter driven by the plaintiff struck one of the iron rails at the other crossing, and tipped over. The accident, in that case, happened because the opening between the cars was insufficient by reason of the oblique crossing. No such facts exist in the case at bar. Practically, the whole crossing was left unobstructed, and the only cause of complaint is that the car was not removed so far away that horses would not become frightened at it when driven over the crossing.

REVERSED.