FISK v. THE CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.

1. **Instructions**: NOT WARRANTED BY PLEADINGS OR PROOF. It is error to give instructions based on facts not pleaded, and of which there is no evidence. (For illustrations and authorities cited, see opinion.)

2. **Verdict**: INDEFINITE ANSWERS TO SPECIAL INTERROGATORIES. Where the evidence is insufficient to enable the jury to answer special interrogatories in the affirmative, negative answers should be given in clear and decided language; and where such answers are so uncertain and evasive that it cannot be determined whether they accord or conflict with the general verdict, they ought not to be allowed to stand. (See opinion for illustrations.)

*Appeal from Linn District Court.*—HON. J. H. PRESTON, Judge.

FILED, MAY 14, 1888.

THE petition states that the defendant negligently left a freight car standing in and upon a public highway running through the town of Peralta, on defendant's railway, and that A. Bolton was passing along such highway, driving a team of two horses attached to a wagon; that said car was so placed upon said highway that a large portion thereof was occupied by the same, and the free passage of the highway was obstructed by said car; that said Bolton, in attempting to pass the car with said team, was "crowded for room, and his team, taking fright at said car, became and was unmanageable and ran away," whereby Bolton was greatly injured;

"that plaintiff has been duly appointed and is now acting as trustee of the said Bolton, and others beneficially interested in the prosecution of this claim, and, as such, is fully authorized to bring and maintain the action." Trial by jury. Verdict and judgment for plaintiff. The defendant appeals.

*Mills & Keeler,* for appellant.

*Henry Rickel,* for appellee.

SEEVERS, C. J.—I. The grounds on which plaintiff seeks to recover, briefly stated, are:

1. INSTRUCTIONS: not warranted by pleadings or proof.

(1) That the highway was obstructed by the car; and (2) that the team took fright at said car. In the seventh and eighth paragraphs of the charge, the court, in substance, instructed the jury:

"And if you further find, from all the evidence, that said car, placed and left where you may find from the evidence it was placed and left, was an object apt to frighten horses of ordinary gentleness, * * * then you would be warranted in finding that defendant was guilty of negligence."

We think this instruction was erroneous, for the reason that it was not alleged that the car, placed as it was, was apt to frighten horses of ordinary gentleness. The only material questions were: Was the highway obstructed by the car, and did the horses become frightened at the car? and not whether horses of ordinary gentleness were apt to become so. There was no such issue, and there was no evidence introduced tending to establish such fact. The recovery must be obtained on the grounds stated in the petition, and not on another and different ground. *Manuel v. Chicago, R. I. & P. Ry. Co.,* 56 Iowa, 656. See, also, *Gilbert v. Flint & P. M. Ry. Co.,* 51 Mich. 488; s. c., 16 N. W. Rep. 868; *O'Donnell v. Chicago, M. & St. P. Ry. Co.,* 69 Iowa, 102.

II. There was evidence tending to show that the horses driven by Bolton became frightened at or when

Fisk v. The Chicago, M. & St. P. Ry. Co.

THE SAME.          crossing a bridge, and that he whipped them, which caused them to run, and that they were unmanageable, and beyond his control, before and at the time he reached the crossing. The court instructed the jury as follows:

"If you find from the evidence that, before reaching the crossing, said Bolton's team became unmanageable, and ran away, either from fright or whipping or both, and, while running over said crossing, they shied at the freight car standing at or on said crossing, and caused the accident, then the injury was not caused by any negligence of defendant, unless the jury find that such accident would have occurred if said team had not become so frightened or run before reaching said crossing."

The evidence tended to show that the highway was fifty feet wide, and that planks were laid down across it, and that the travel crossed on said planks, which were twelve or fourteen feet long, and that the car stood on, or the bumper projected some distance, not exceeding three to five feet, over the planked way. Counsel for appellant contend that the latter portion of the foregoing instruction is erroneous, and their position must be sustained. There is not a single fact or circumstance in the case upon which such portion of the instruction can be properly based. There was sufficient room for the team to have passed over the plank-way, although the car projected over it; and if the team became frightened, was whipped, and was beyond control before reaching the crossing, there is no evidence tending to show that the accident would have occurred if the team had not become so frightened.

III. The court instructed the jury: "In determining the amount of the recovery you may find the THE SAME.          plaintiff entitled to, you will also consider the age and capacity of said Bolton, at the time of the accident, to work, his business, the amount of his earnings and his capacity to earn money." Bolton was seventy-two years old, and a farmer, but there was no evidence tending to show his earnings, except

that Bolton testifies that the accident "knocked off forty per cent." of his ability to labor ; but this has no tendency to show his earnings either before or after the accident. *Gardner v. Burlington, C. R. & N. Ry. Co.*, 68 Iowa, 592.

IV.   The court submitted certain interrogatories to the jury, which, and the answers thereto, are as follows :

**2. VERDICT : indefinite answers to special interrogatories.**

"(1) Did Bolton see the freight car standing on the north side-track, and the situation of said car, before he drove his team upon the tracks ?   A.   He saw the car on the north side-track.   (2) Was said freight car, and its actual position, in open and plain sight to Bolton before he drove upon defendant's tracks ?   A.   As to the actual position we cannot say.   *   *   *   (5) Was Bolton's team a young team, liable to become frightened at cars standing on or near the highway ?   A.   Colts about as other colts.   (6) Do you find that Bolton's team was a safe one to drive past freight cars in the manner it was actually driven ?   A.   As safe as ordinary colts.   *   *   * (8) Was Bolton's team one of ordinary gentleness in respect to becoming frightened at cars standing in, or partly in, the highway ?   A.   Yes ; for a young team."

The defendant filed a motion for a new trial, on the ground, among others, that the answers to the second, fifth, sixth and eighth interrogatories are uncertain and evasive.   If the evidence was insufficient to enable the jury to answer the interrogatories in the affirmative, a negative answer should have been given in clear and decided language.   There is no escape from the conclusion that the jury could and should have responded by simply saying "Yes" or "No."   Had this been done, the legal effect of such findings could have been determined ; but there is no legal standard by which the effect of the foregoing answers can be ascertained, and whether they accord or conflict with the general verdict it is impossible to determine.

Counsel for the appellant insist that it affirmatively appears that the plaintiff cannot maintain this action, because he is not a real party in interest ; and it is

insisted that he cannot recover, because Bolton was guilty of contributory negligence; but, as the evidence may not be the same on another trial, no beneficial result would be obtained by determining such questions now. There are errors assigned on rulings of the court in admitting and rejecting evidence which will probably not occur on another trial, and are therefore not determined.

REVERSED.