ELIZA POTTER v. C. R. CAVE, Appellant.

**Personal Injury:** MISCONDUCT OF COUNSEL: ARGUMENT. The argument of counsel to a jury that objections to certain testimony amounted practically to an admission of the facts sought to be proven by the excluded evidence, and that the same would have been proved except for the objections made, amounts to such misconduct as will authorize a reversal.

**Evidence:** CONVERSATIONS. In an action for personal injuries, questions calling merely for a conversation between plaintiff and her daughter had at the time of the injury were properly excluded.

**Evidence.** In an action for injuries caused by an unguarded stairway in defendant's store, evidence of other accidents and of warnings to defendant that it was dangerous was properly excluded.

*Appeal from Jackson District Court.*—HON. A. J. HOUSE, Judge.

MONDAY, FEBRUARY 15, 1904.

ACTION to recover damages for personal injuries to plaintiff by reason of falling down a stairway on defendant's premises. Verdict and judgment for plaintiff. Defendant appeals.—*Reversed.*

*W. C. Gregory* and *G. L. Johnson* for appellant.

*D. A. Wynkoop* for appellee.

McCLAIN, J.—The plaintiff, a woman of about eighty-three years of age, accompanied by her daughter, came into defendant's store for the purpose of trading, and, being attracted by the sound of music from a graphophone, walked forward with the object of getting nearer to it, and in doing so inadvertently stepped off into a stairway descending from

about the center of the store to the basement, and received severe injuries, consisting principally in the fracture of the bone of her leg. In her petition she alleges the negligence of defendant in having the entrance to the stairway insufficiently lighted and guarded, and her own exercise of due and reasonable care and caution; and she asks damages for the injury resulting from her fall. Errors are assigned as to misconduct of counsel in argument, also in admission of incompetent evidence over objection, and the giving of erroneous instructions to the jury.

I. The complaint as to the argument of counsel is that, in opening the case, the attorney for plaintiff stated his purpose to prove defendant's knowledge of the dangerous condi-

1. MISCONDUCT of counsel: argument. tion of the stairway by showing that previous accidents had occurred there, and that defendant had been warned by others that it was dangerous; and that in the closing argument the attorney commented on the fact that counsel for defendant had made objections to the introduction of evidence to show previous accidents and warnings, which objections had been sustained by the court; and that the attorney for plaintiff, in replying to some objection by attorney for defendant to this line of argument, insisted that the jury had a right to consider the conduct of defendant's counsel, with reference to getting the question before the jury, in determining the honesty of the testimony for defendant that the stairway was not a dangerous place. It appears from the record that, after making the statements in opening which were objected to, the counsel for plaintiff asked the jury not to consider them, and perhaps, in so doing, he cured the error, if any, which was involved in such statement. We do not hold, however, that the statement in itself was such prejudicial error as would warrant a reversal. It not infrequently happens that, in opening a case, counsel make statements of intention to prove matters as to which the evidence is subsequently rejected by the court, and where the statement is not unreasonable in itself, but is made in good faith, we would not hold that error was committed,

even though the court should afterward properly exclude the
evidence relied upon. But the conduct of counsel in arguing
to the jury, in effect, that objections made to evidence by
counsel for defendant were practically an admission that the
facts as to which evidence was thus objected to and excluded
were true, and would have been proven had the objection
not been made, was certainly most reprehensible. If counsel
cannot make objection to the competency of evidence without
being held up before the jury as improperly attempting to
exclude the true facts from their consideration, then, in-
deed, the administration of justice in jury cases in accord-
ance with rulings on the law and the evidence is practically
impossible. This line of argument was pursued in disre-
gard of objections interposed on behalf of appellant. Such
action on the part of counsel was misconduct tending to pre-
vent a fair trial and warranting a reversal. Nothing which
the court could do would have removed the resulting
prejudice.          •

II. Complaint is made of rulings of the court in exclud-
ing testimony as to what plaintiff and her daughters said to
each other when the daughter first reached her mother at the
**2. EVIDENCE:** foot of the stairway, where the latter was found
**conversions.** immediately after her fall. The questions
were objectionable as calling for a' conversation, and objec-
tion to one of them was properly sustained on the ground
that it was leading. Without regard to whether exclama-
tions or statements made by plaintiff at this time might have
been admissible as part of the *res gestae*, it is clear that ques-
tions calling merely for a conversation between plaintiff and
her daughter were properly objected to.

III. Throughout the trial, except in one instance, the
court consistently sustained objections to evidence offered
for plaintiff to show previous accidents on this stairway and
**EVIDENCE.** warnings to defendant that it was dangerous.
These rulings were undoubtedly correct. *Hudson v. Chicago
& N. W. R. Co.,* 59 Iowa, 581; *Mathews v. Cedar Rapids,*
80 Iowa, 459; *Croddy v. Chicago R. I. & P. R. Co.,* 91 Iowa,

598. The question was not as to whether defendant had reason to believe the stairway to be dangerous, but whether it was in fact maintained in a dangerous condition. If dangerous in fact, his knowledge would be immaterial. But one witness for plaintiff was asked whether she had communicated to defendant, or any of his employes or servants in the store building, information with reference to the dangerous condition of the stairway, and defendant's objection to this question as calling for evidence that was incompetent and immaterial, and which would not tend to prove any material issue in the case, was overruled. Whereupon the witness answered that she had given such information to an employe of defendant in the store about six months before the accident. The admission of this testimony was erroneous.

IV. The errors assigned and argued with reference to the instructions given do not relate to propositions of law stated therein, but rather to the action of the court in sub mitting to the jury the questions of negligence and contributory negligence, as to which it was claimed there was no evidence. But as the evidence may not be the same on another trial, we refrain from expressing any view as to its sufficiency.

Since the taking of the appeal plaintiff has died (so far as appears, not as the result of this injury), and on proper application her administrator is substituted; but in this opinion we have treated the case as though it were still pending in this court with the same parties as when tried in the lower court.—REVERSED.