## BOSTOCK-FERARI AMUSEMENT COMPANY v. BROCKSMITH.

### [No. 5,167.    Filed February 14, 1905.]

1. ANIMALS.—*Ownership.*—An animal, *ferae naturae*, reduced to captivity, is the property of its captor.    p. 569.
2. SAME.—*Right to Transport.*—The owner of a bear has the right to transport it from place to place for a lawful purpose, and it is not negligence *per se* for its owner to lead it along a public street.    p. 569.
3. SAME.—*Public Shows.*—*Right to Use Streets for Animals.*—The exhibition of wild animals is a lawful business, and the use of the public streets is not denied by law to the owner of wild or strange animals merely because their appearance may be calculated to frighten a horse of ordinary gentleness.    p. 569.
4. NEGLIGENCE.—*Animals.*—*Use of Streets.*—Where a gentle, kind and docile bear is being led along a public street, and it is making no noise nor demonstration of any kind, but simply following its keeper, and the plaintiff's horse takes fright thereat, and in trying to get away kicks plaintiff, no negligence is shown as against the owner of such bear, and a judgment rendered against such owner should be set aside as not supported by the evidence.    p. 571.

From Sullivan Circuit Court; *Orion B. Harris,* Judge.

Action by Otto Brocksmith against the Bostock-Ferari Amusement Company. From a judgment for plaintiff, defendant appeals. *Reversed.*

*W. J. O'Brien, Jr., James S. Pritchett, William T. Douthitt, Luther Benson* and *Lucius C. Embree,* for appellant.

*Jesse P. Haughton, Samuel M. Emison, William A. Cullop, George W. Shaw* and *John T. Hays,* for appellee.

Comstock, C. J.—The complaint alleges that the plaintiff, while driving in his buggy, was injured in consequence of his horse taking fright from the sight of a bear walking along a public street of the city of Vincennes. The action was begun in the circuit court of Knox county, and, upon change of venue, tried in the circuit court of Sullivan county. The court rendered judgment upon the verdict of the jury in favor of appellee for $750. The complaint was in three paragraphs. The first was dismissed, and the cause was tried upon the amended second and third paragraphs, to which a general denial was filed.

The errors relied upon are the action of the court in overruling demurrers to said second and third paragraphs, respectively, of the complaint, and overruling appellant's motion for a new trial. Some of the reasons set out in the motion for a new trial are that the verdict was contrary to the law, and was not sustained by sufficient evidence.

The question of the sufficiency of the second paragraph of the complaint is not entirely free from doubt, but we conclude that each of said paragraphs is sufficient to withstand a demurrer.

It is sought to maintain an action for damages resulting from the fright of a horse at the sight of a bear, which his keeper and owner was leading along a public street, for the purpose of transporting him from a railroad train, by which he had been carried to Vincennes, to the point in Vincennes

at which the bear was to be an exhibit as a part of appellant's show. It is not claimed, either by allegation or proof, that the show was in itself unlawful; and there is no pretense that the transporting of the bear from one place to another for the purpose of exhibition was unlawful, or in itself negligence. The case is therefore one of the fright of a horse merely at the appearance of the bear while he was being led along the street, was making no noise or other demonstration, and was in the control of his keeper. It appears without contradiction from the evidence that when the horse took fright the bear was doing nothing except going with his keeper. He was muzzled. He had a ring in his nose to which a chain was attached. Said chain was strong enough to hold and control him. He had around his neck a collar about two inches wide and one-half inch thick, to which also was attached a chain. The keeper had both chains in his hand when the accident occurred. The chain connected with the ring in his nose was small. The one connected with his collar was large. It was for the purpose of chaining him at night when he was alone. The chains were strong enough to control the bear. The animal was characterized by the witnesses who knew him as "gentle," "kind," "docile." His keeper testified that he had never known him to be mean or to growl. He testified, also, that he never knew of a bear scaring a horse; that shortly before the accident the keeper met two ladies in a buggy, and their horse did not scare. He was described as of pretty good size and brown. One witness said he was a "large, ugly-looking, brown bear."

When a person is injured by an attack by an animal *ferae naturae,* the negligence of the owner is presumed, because the dangerous propensity of such an animal is known, and the law recognizes that safety lies only in keeping it secure. 2 Am. and Eng. Ency. Law (2d ed.), p. 351. In the case before us the injury did not result from any vicious propensity of the bear. He did nothing but walk in the

charge of his owner and keeper, Peter Degeleih.    He was being moved quietly upon a public thoroughfare for a lawful purpose.

We have given the facts that are not controverted.    There is also evidence tending strongly to support the claim made by appellant that appellee was guilty of negligence proximately contributing to his injury.    Appellant also earnestly argues—supporting its argument with references to recognized authorities—that the owner and keeper of the bear was an independent contractor.    But the disposition which we think should be made of the appeal makes it unnecessary to consider these questions.    The liability of the appellant must rest on the doctrine of negligence.    The gist of the action as claimed by appellee is the transportation of the bear, with knowledge that he was likely to frighten horses, without taking precaution to guard against fright.

1.    An animal *ferae naturae,* reduced to captivity, is the property of its captor.    2 Blackstone's Comm., *391, *403; 4 Blackstone's Comm., *235, *236.

2.    The owner of the bear had the right to transport him from one place to another for a lawful purpose, and it was not negligence *per se* for the owner or keeper to lead him along a public street for such purpose.    *Scribner* v. *Kelley* (1862), 38 Barb. 14; *Macomber* v. *Nichols* (1876), 34 Mich. 212, 22 Am. Rep. 522; Ingham, Law of Animals, p. 230.

3.    The conducting of shows for the exhibition of wild or strange animals is a lawful business.    The mere fact that the appearance of a chattel, whether an animal or an inanimate object, is calculated to frighten a horse of ordinary gentleness, does not deprive the owner of such chattel of his lawful right to transport his property along a public highway.    *Macomber* v. *Nichols, supra; Holland* v. *Bartch* (1889), 120 Ind. 46, 16 Am. St. 307; *Wabash, etc., R. Co.* v. *Farver* (1887), 111 Ind. 195, 60 Am. Rep. 696; *Gilbert* v. *Flint, etc., R. Co.* (1883), 51 Mich. 488, 16 N. W. 868,

47 Am. Rep. 592; *Piolette* v. *Simers* (1894), 106 Pa. St. 95, 51 Am. Rep. 496. One must use his own so as not unnecessarily to injure another, but the measure of care to be employed in respect to animals and other property is the same. It is such care as an ordinarily prudent person would employ under similar circumstances. This is not inconsistent with the proposition that if an animal *ferae naturae* attacks and injures a person, the negligence of the owner or keeper is presumed. The evidence is that the horse was of ordinary gentleness, but this fact would not deprive the appellant of the right to make proper use of the street. If the bear had been carelessly managed, or permitted to make any unnecessary noise or demonstration, it would have been an act of negligence.

It is not uncommon for horses of ordinary gentleness to become frightened at unaccustomed sights on the public highway. The automobile, the bicycle, the traction-engine, the steam roller may each be frightful to some horses, but still they may be lawfully used on the public streets. King David said: "An horse is a vain thing for safety." Modern observation has fully justified the statement. A large dog, a great bull, a baby wagon may each frighten some horses, but their owners are not barred from using them upon the streets on that account. Nor under the decisions would the courts be warranted in holding that the owner of a bear, subjugated, gentle, docile, chained, would not, under the facts shown in the case at bar, be permitted to conduct the homely brute along the public streets because of his previous condition of freedom.

In *Scribner* v. *Kelley, supra,* the court said: "It does not appear that the elephant was at large, but on the contrary that he was in the care, and apparently under the control, of a man who was riding beside him on a horse; and the occurrence happened before the passage of the act of April 2, 1862, regulating the use of public highways. There is nothing in the evidence to show that the plaintiff's horse was

terrified because the object he saw was an elephant, but only that he was frightened because he suddenly saw moving upon a highway, crossing that upon which he was traveling, and fully one hundred feet from him, a large animate object to which he was unaccustomed—*non constat* that any other moving object of equal size and differing in appearance from such as he was accustomed to see might not have inspired him with similar terror. The injury which resulted from his fright is more fairly attributed to a lack of ordinary courage and discipline in himself, than to the fact that the object which he saw was an elephant."

4. It is alleged in the complaint that the bear was an object likely to frighten a horse of ordinary gentleness, which fact the appellant well knew. There is no evidence that the bear was an object likely to frighten horses of ordinary gentleness, nor that the appellant knew that the bear was an object likely to frighten horses of ordinary gentleness. The evidence shows, so far as the observation of the keeper and the appellant gave information, that the bear had not frightened horses.

The learned counsel for appellee insist that the appellant was negligent in not having had the proper number of persons in charge of the bear to give warning of the danger; citing *Bennett* v. *Lovell,* 12 R. I. 166, 34 Am. Rep. 628. In that case the plaintiff and his wife were thrown from their wagon and injured in consequence of the taking fright of their horse at some tubing and machinery which had been left upon a public highway by the defendant, who was carrying the same for the use of the city water-works. The court held that one who left such an object on the highway without proper precaution can not be said to be using the due care he ought to use. The court indulges in dicta by way of illustration to the effect that a person moving an animal which, from its appearance, noise or offensiveness, is calculated to frighten human beings, without taking precautions, by having a sufficient number of persons in charge of it to

warn others of the danger, and, if need be, to aid them in passing it, or who leaves such an object on the highway without proper precautions, can not be said to be using that due care he ought to use, etc. The facts are not analogous with those in the case at bar. The appellant used the public highway. The animal was gentle, was securely in the control of his keeper, and is not shown to have been an animal which from his appearance, noise or other offensiveness was calculated to frighten horses.

The facts upon the question of negligence are undisputed, and that question is therefore to be determined by the court as a matter of law.

Judgment is reversed, with instruction to sustain appellant's motion for a new trial.