## United Fuel Gas Company v. Williamson.

(Decided March 2, 1917.)

### Appeal from the Martin Circuit Court.

Negligence—Care as to Persons on Highway—Adjoining Land Owner—Liability.—The owner of a gas station, consisting of a small building six feet by eight feet, built over gas meters, located on the other side of a high board fence fifty feet from the public highway and on the owner's property, is not liable for injuries to plaintiff, whose mule while passing along the highway, was frightened by the mere swinging of the door of the building.

FOGG & KIRK and R. G. ALTIZER for appellant.

J. B. CLARK and W. R. McCOY for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

Plaintiff, Sallie Williamson, brought this suit against defendant, United Fuel Gas Company, to recover damages for personal injuries. From a verdict and judgment in her favor for $500.00 the defendant appeals.

The principal error assigned for a reversal is the failure of the trial court to sustain the company's motion for a peremptory instruction.

The facts are as follows: The defendant is a corporation engaged in the production and sale of natural gas, which is conveyed by pipe lines from West Virginia to the company's various consumers in the states of Kentucky and Ohio. At various places along its pipe line it is necessary for the company to maintain gas measuring stations where regulators are provided for the purpose of controlling the pressure of the gas. In the west end of the town of Inez the company maintains one of these stations on its own property. The station consists of a small building eight feet by six feet erected over the regulator and measuring appliances. On the side of the building is a door, through which the employes enter for the purpose of operating the applicances. The station is situated about fifty feet from the public road leading out of the town of Inez down Rockcastle creek. On the north side of the road and between the road and the gas station is a high board fence. Plaintiff, who lives about five miles from Inez, rode a mule into town on September 15, 1913. She was accompanied by her little boy, who rode behind her. Plaintiff says that as she and her son were passing the station on their return trip she noticed that the door of the station was open and thought to herself "what a scary looking place." While that thought was in her mind and just as the door came open, the mule wheeled around and threw her off. She was positive that it was the movement of the door that scared the mule. The mule was gentle and had never become frightened before.

Plaintiff contends that her right of recovery is sustained by the cases of Lynn v. Hooper (Maine), 47 L. R. A. 752; Snyder v. Philadelphia Company of West Virginia (W. Va.), 63 L. R. A. 896, and Heinmiller v. Winston, 131 Iowa 32, 107 N. W. 1102, 6 L. R. A. (N. S.) 150. In the first mentioned case, the defendant placed within the highway a hay cap, consisting of white cloth tied by

the corners to stakes in the ground, so that it was moved by the wind. While driving by the hay cap, plaintiff's horse was frightened thereby and the plaintiff was thrown to the ground and injured. While recognizing the right of one who owns land to the center of a highway to make a reasonable use of the land, the court held that a use which involved the placing on the highway of objects of such a character as naturally to frighten horses ordinarily gentle and well broken was not reasonable, but constituted a nuisance, and, therefore, sustained a recovery. In the case of Snyder v. Philadelphia Company of West Virginia, *supra,* the plaintiff was driving a two-horse wagon loaded with baled hay along a public road. About fifty feet from the road the defendant maintained a gas well. As plaintiff approached, one of defendant's employes opened the valve of the pipe in which the gas was confined under great pressure, and permitted it to escape, thereby frightening plaintiff's horses and causing him to be thrown from the wagon and injured. The court held that, while the operation of a gas well was lawful and could not be regarded as a nuisance *per se,* the owner was under the duty of exercising ordinary care to operate it in such a manner as not to injure others, and affirmed a judgment in plaintiff's favor on the ground that, under the facts of the case, the questions whether the defendant's agent could have seen the team, and whether he performed the duty of looking for passing teams before opening the well, were clearly for the jury. In the case of Heinmiller v. Winston, *supra,* the defendants were engaged in deepening a cut for the Chicago Great Western Railway Company and were using a steam shovel fifty-five feet long, twelve feet high, with a smokestack extending six feet above the car, and with a boom twenty-four or twenty-five feet high. The cut was spanned near its center by a public highway bridge, the floor of which was from twenty-eight to thirty feet above the bottom of the cut. As plaintiff approached the bridge in a carriage, her horse became frightened and she was thrown from the carriage and injured. Plaintiff recovered $2,000.00 damages. After telling the jury that the defendants had the right to deepen the cut, and to use for such work the means ordinarily adapted to and used for such purpose, and, further, that if they found the steam shovel an instrumentality ordinarily used for such pur-

pose, the defendants had the right to use it, the court added: "If, however, you find it was naturally calculated to frighten horses of ordinary gentleness, when used at or near the public highway, then it was the duty of the defendants to exercise ordinary care in the use of said steam shovel at or near the public highway so that their use of the same would not be an unnecessary interference with, or unnecessarily dangerous to, persons making lawful use of the public highway." There was also submitted to the jury the question whether the defendants should have provided some one to warn travelers of the danger. While approving the instructions and holding that plaintiff was entitled to recover, the Supreme Court was of the opinion that the verdict was excessive and ordered a new trial, unless the plaintiff elected to accept a judgment of $1,000.00.

It is clear, we think, that the rule announced in the above cases cannot be applied to the facts of the case under consideration. Plaintiff does not contend that her mule was frightened by the operation of any of the applicances in the gas station. Her sole complaint is that the door swung open and frightened the mule. There is a wide difference between the placing of a hay cap in a highway, or the use of a large steam shovel or the operation of a gas well near the highway, and the mere swinging of a small door attached to a building eight feet by six feet, located on the other side of a high board fence and fifty feet from the highway. It cannot be said that the swinging of a door so located is in any sense a nuisance, or that the owner of the building should anticipate that it would frighten horses or mules of ordinary gentleness while passing along the highway. The rule that the owner of property should so use it as not to injure others does not go to the extent of requiring him always to be on the alert to see that the doors of his residence, or barn, or outhouses, are securely fastened, for fear that, if left open, they might be blown by the wind and cause some passing horse or mule to become frightened and injure his rider. That a recovery in this case would necessarily result in such a rule, there can be no doubt. We, therefore, conclude that the trial court should have sustained defendant's motion for a peremptory instruction.

Judgment reversed and cause remanded for a new trial consistent with this opinion.