El Juez Asociado Señor De Jesús no intervino.

MARÍA DE JESÚS, demandante, apelada y apelante, *v.* MIGUEL J. ARZUAGA, demandado, apelante y apelado.

Núm. 7725.—*Sometido:* Junio 20, 1938. *Resuelto:* Julio 13, 1938.

*V. Brunet*, abogado del apelante apelado; *Carlos D. Vázquez*, abo-gado de la apelada apelante.

EL JUEZ ASOCIADO SEÑOR HUTCHISON emitió la opinión del tribunal.

El artículo 1805 del Código Civil (edición de 1930) lee así:

"El poseedor de un animal, o el que se sirve de él, es responsable de los perjuicios que causare, aunque se le escape o extravíe. Sólo cesará esta responsabilidad en el caso de que el daño proviniera de fuerza mayor o de culpa del que lo hubiese sufrido."

La demandante, en acción de daños y perjuicios basada en el artículo anterior, obtuvo sentencia a su favor por la suma de $700 y honorarios de abogado. El demandado, dueño de un perro policía, apela y dice que la corte de distrito cometió error: al resolver que la causa próxima del accidente fué el "acometimiento" del perro; al resolver que no hubo fuerza mayor; al declarar que el demandado es responsable de los daños sufridos por la demandante; al condenar al demandado a pagar la suma de $700, más las costas y honorarios de abogado.

524

El apelante cita a Castán, Comentarios al Código Civil Español (edición de 1931) al efecto de que la disposición estatutaria se basa en la presunción de que el dueño del animal incurre en culpa, principalmente por falta de "vigilancia." Cita también a Manresa (tomo 12, edición de 1931, pág. 574) como autoridad para el criterio de que si el acto de un tercero no pudo ser previsto o impedido por el dueño del animal, el resultado es igual al de la fuerza mayor. Cita igualmente el caso de *Bostock-Ferari Amusement Co.* v. *Brocksmith*, 73 N. E. 281, y copia en su alegato la opinión emitida por una Corte de Circuito de Ohio en *Seegmueller* v. *Pahner*, 29 Ohio Cir. Ct. 693, citado en 3 C. J. 97, 98, sección 330, nota 14, bajo el inciso (*b*), *Barking Dog*. La apelada solicita la desestimación de la apelación por frívola y que se le concedan costas y honorarios de abogado.

 María de Jesús caminaba por la acera de la Avenida Fernández Juncos, que es una de las dos vías principales de Santurce, sección densamente habitada de la ciudad de San Juan. La acera estaba separada del patio delantero de la casa del demandado por una verja de hierro. El perro del demandado hizo que María se cayera y se fracturara un brazo. El único conflicto en la prueba giraba en torno a la forma en que el perro dió lugar a este resultado.

La clara preponderancia de la prueba fué al efecto de que cuando la mujer pasaba junto al portón del frente, el perro salió del patio repentinamente y la atacó. La demandante declaró que fué lanzada al suelo por el impacto de las patas delanteras del animal en la espalda de ella. Su declaración fué corroborada por lo menos por la de dos testigos oculares aparentemente inteligentes y desinteresados. Según la hoja clínica del caso conforme la describe un médico del hospital, ella hizo el mismo relato del caso al llegar al hospital inmediatamente después del accidente.

Por la parte demandada se presentaron dos testigos. Uno de éstos declaró que la mujer trató de correr y se cayó y

que él no vió ni oyó ningún perro. El otro era el celador nocturno del demandado. Declaró sustancialmente lo que sigue:

"Dormía durante el día en una casita que había en aquel lugar; se levantaba de ordinario de 5 a 6 de la tarde y comía en la casa del demandado; el animal era un perro policía grande, de color negro, y joven; el testigo no sabía la edad del animal; no había examinado sus dientes porque le tenía miedo; de día estaba encadenado detrás de la casa; de tarde el testigo sacaba el perro de paseo por el patio cogido de la cadena; no podía soltársele; en la tarde en cuestión el testigo tenía el perro en el patio delantero de la casa; el perro tenía sus patas anteriores en la verja del frente de la casa cuando la mujer pasaba; el perro le ladró y ella se asustó; ella se volvió, corrió contra un árbol y se cayó; el testigo amarró el perro, fué en ayuda de la mujer, y según instrucciones recibidas de la esposa del demandado, llevó a la herida al hospital donde ella le dijo al practicante que le había cogido miedo al animal y que se cayó cuando el perro le ladró; el animal—el testigo siguió contestando en el examen de repregunta—era un perro bravo; que si no se le amarraba atacaba a la gente; al principio, cuando el animal no conocía al testigo, le atacaba; primero él le tenía miedo al perro pero más tarde logró hacer las paces con él y sacaba al animal de paseo por la tarde; cuando el perro le ladró a la mujer, parecía como que iba a tirársele encima.

El practicante mencionado en la declaración del celador nocturno no fué llamado como testigo.

El juez de distrito declaró que la demandante tenía derecho a daños y perjuicios aun bajo la propia teoría del caso sustentada por el demandado. No hallamos error en esto. El celador nocturno era un empleado del demandado que actuaba dentro de las atribuciones de su empleo y en el cumplimiento de sus deberes como tal empleado. El perro estaba bajo su inmediata custodia y bajo su dominio. Él conocía mejor que nadie la propensión del animal a atacar a los extraños. Tenía toda razón para creer que el perro trataría de atacar o estaría propenso a atacar a la mujer a medida que ésta pasara por el lugar en que el perro estaba parado con sus patas delanteras en la verja. El permitir que el ani-

mal continuara en esta posición bajo semejantes circunstancias demostraba por lo menos falta de prudencia ordinaria.

El acto del perro fué la causa próxima de las lesiones recibidas y el juez de distrito no cometió error al así resolverlo. No hubo cuestión de fuerza mayor ni acto alguno de un tercero que pudiera considerarse como equivalente a fuerza mayor. La lectura de las opiniones emitidas en *Bostock-Ferari Amusement Co.* v. *Brocksmith* y *Seegmueller* v. *Pahner,* supra, bastará para distinguir esos casos. La demandante tenía perfecto derecho a hallarse donde estaba sin que se le sometiera al temor de un ataque repentino o inesperado o a un supuesto ataque por parte de un perro aparentemente bravo, y sin estar sujeta a la amenaza de tal ataque. El acto del perro del demandado, permitido negligentemente —de no haber sido deliberadamente—por el empleado del demandado, equivalió a una invasión de ese derecho.

La corte no cometió error al declarar que el demandado era responsable de los daños y perjuicios recibidos por la demandante. La indemnización concedida no fué excesiva. No encontramos abuso de discreción en la concesión de costas. *El recurso, a nuestro juicio, es claramente frívolo. Debe ser desestimado con costas adicionales que incluirán $50 de honorarios de abogado para la demandante y apelada.*

El Juez Asociado Señor Wolf disintió.*